281 So.2d 21 (1973)
In re THE FLORIDA BAR  CODE OF JUDICIAL CONDUCT.
No. 43707.
Supreme Court of Florida.
July 25, 1973.
Wm. Reece Smith, Jr., Tampa, and John M. McCarty, Fort Pierce, for The Florida Bar.
PER CURIAM.
We have for consideration the petition of The Florida Bar seeking the adoption of a Code of Judicial Conduct in lieu of the existing Canons of Judicial Ethics which were adopted by this Court on January 27, 1941, and subsequently amended. By our order of December 21, 1970, "In Re: Petition of the Committee on Standards of Judicial Conduct, we directed that a special committee submit a report containing its recommendations for the adoption of new canons of judicial ethics in accordance with a more modern and realistic concept of the responsibilities of judicial officers." This special committee was composed of the following members:

John M. McCarthy, Stephen H. Grimes
 Chairman
E. Dixie Beggs, Leon H. Handley
 Vice Chairman Sam H. Mann, Jr.
Henry Burnett
Joel T. Daves III Hamilton D. Upchurch
Darrey A. Davis John T. Wigginton
L. Robert Frank O. Edgar Williams, Jr.
Delbridge L. Gibbs
 Board Liaison:
 John R. Gould

Their work product has been approved by the County Judges Conference, the Circuit Judges Conference, the District Courts of Appeal Judges Conference and Board of Governors of The Florida Bar. They are to be commended for their exhaustive study and diligent efforts.
The proposed Code requires that many incumbent justices and judges be required to rearrange their financial and business interests. We feel that to require an immediate compliance with the Code, in this respect, would cause great financial hardship and we have, therefore, allowed the incumbent justices and judges a period of two years within which to bring themselves in strict compliance with Canon 5.
Many lawyers have become members of the judiciary at great financial sacrifice. Because of the limitations placed on business activities by the Code of Judicial Conduct and because of the limited salaries and retirement benefits, as well as the uncertainty of judicial tenure under present electoral process, a retired justice or judge who does not desire to accept assignment for judicial service shall be allowed to engage in the practice of law even though he may be drawing retirement benefits. We are of the opinion that this would be an incentive for lawyers of ability to seek judicial office.
The retirement benefits for all justices and judges are prescribed either under the Florida Retirement System (Fla. Stat., Ch. 121, F.S.A.) or the Supreme Court Justices, District Court of Appeal Judges and Circuit Judges Retirement System (Fla. Stat., Ch. 123, F.S.A.). We are aware of the provisions of Fla. Stat. § 123.09, F.S.A., providing as follows:
"No justice of the supreme court, district court of appeal judge or circuit judge shall engage in the practice of law in this state while drawing retirement compensation provided for by any law of this state for judges."
and Fla. Stat. § 123.20, F.S.A., relating to retirement for disability and providing as follows:
"No justice or judge shall engage in the practice of law in this state while drawing retirement compensation provided for by any law of this state for justices or judges."
The Florida Retirement System (Fla. Stat., Ch. 121, F.S.A.), does not prohibit a retired justice or judge from engaging in the practice of law. Even under the quoted *22 provisions of Fla. Stat., Ch. 123, F.S.A. (judicial retirement), a justice or judge would be entitled to engage in the practice of law without drawing his retirement. Such a justice or judge could subsequently offer himself for judicial assignment and renew the payment of his retirement benefits. It is apparent that the purpose of the statutes quoted above was to prohibit a retired judge subject to assignment from engaging in the practice of law, as this might create a conflict of interest in the event he served part time on the judiciary. This would be contrary to the philosophy that a practicing attorney should never be a part-time judge. The purpose of the quoted statutes was to regulate the practice of law as well as the conduct of judges. These are matters solely within the province of this Court under the provisions of Fla. Const., art. V, § 15, F.S.A. We therefore hold that Fla. Stat. §§ 123.09 and 123.20, F.S.A., are unconstitutional.
Other retirees under Chapter 121 (Florida Retirement System) are allowed to receive retirement benefits while employed at other occupations. See Fla. Stat., § 121.091, F.S.A. It would be a denial of equal protection to say that all retirees, except justices and judges, may engage in other professions or employment without losing retirement benefits.
The fact that this is not an adversary proceeding does not prohibit the Court from declaring the above statutes unconstitutional. See In Re: Advisory Opinion to the Governor, 63 So.2d 321 (Fla. 1953), where this Court in an advisory opinion (a non-adversary proceeding under the Constitution and Rules at that time) declared a statute to be unconstitutional.
The autonomy of the Legislature in the field of retirement is tempered by the vested rights of those employees who have contributed to the fund. A retired justice or judge, who rejects the possibility of assignment to judicial service, may embark on any other career he may choose without sacrificing his vested right to compensation under our retirement laws.
These are the only major additions to the Code of Judicial Conduct as submitted by The Florida Bar, although a few minor changes are made.
We point out that Canon 6 requires the manner and method of filing financial reports. A compliance with Canon 6 supersedes the requirements of any statute relating to financial reporting and it will not be necessary for the justices and judges to file reports under any statute since such reports are filed under Canon 6.
The appended Code of Judicial Conduct is hereby adopted in lieu of the existing Canons of Judicial Ethics and shall govern the conduct of all justices and judges effective September 30, 1973.
CARLTON, C.J., and ROBERTS, ERVIN, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.

CODE OF JUDICIAL CONDUCT

SPECIAL COMMITTEE ON STANDARDS OF JUDICIAL CONDUCT

THE FLORIDA BAR

PREFACE
Some fifty years ago the American Bar Association formulated the original Canons of Judicial Ethics. Those Canons, occasionally amended, have been adopted in most states, including Florida.
Recognizing that current needs and problems required revisions, the American Bar Association has now adopted and proposed to the states and other jurisdictions, including the federal courts, a Code of Judicial Conduct. In the revision process, the Association sought and considered the views of the Bench and Bar and other interested persons.
*23 This Code, with minor modifications to adapt it to our Florida Judicial System, is adopted by the Supreme Court of Florida to supersede the Canons of Judicial Ethics. The Code, consisting of statements of norms denominated canons, and the accompanying text setting forth specific rules, states the standards that judges should observe, and these are mandatory unless otherwise indicated. The commentary is included for purposes of construction and understanding. Under Section 17A, Article V of the Florida Constitution, the Judicial Qualifications Commission is charged with the responsibility of enforcing these standards.

 TABLE OF CONTENTS
------------------------------------------------
 Page
 CANON 1
A JUDGE SHOULD UPHOLD THE
INTEGRITY AND INDEPENDENCE
OF THE JUDICIARY ____
 CANON 2
A JUDGE SHOULD AVOID IMPROPRIETY
AND THE APPEARANCE
OF IMPROPRIETY IN ALL
HIS ACTIVITIES ____
 CANON 3
A JUDGE SHOULD PERFORM
THE DUTIES OF HIS OFFICE
IMPARTIALLY AND DILIGENTLY ____
 CANON 4
A JUDGE MAY ENGAGE IN ACTIVITIES
TO IMPROVE THE
LAW, THE LEGAL SYSTEM, AND
THE ADMINISTRATION OF JUSTICE ____
 CANON 5
A JUDGE SHOULD REGULATE
HIS EXTRA-JUDICIAL ACTIVITIES
TO MINIMIZE THE RISK OF
CONFLICT WITH HIS JUDICIAL
DUTIES ____
 CANON 6
A JUDGE SHOULD REGULARLY
FILE PUBLIC REPORTS OF COMPENSATION
FOR PERSONAL
SERVICES RECEIVED FOR
QUASI-JUDICIAL AND EXTRA-JUDICIAL
ACTIVITIES. IN ADDITION,
A JUDGE SHALL FILE
AN ANNUAL FINANCIAL REPORT
WITH THE JUDICIAL
QUALIFICATIONS COMMISSION ____
 CANON 7
A JUDGE SHOULD REFRAIN
FROM POLITICAL ACTIVITY INAPPROPRIATE
TO HIS JUDICIAL
OFFICE ____
COMPLIANCE WITH THE CODE
OF JUDICIAL CONDUCT ____
EFFECTIVE DATE OF COMPLIANCE ____

CANON 1

A JUDGE SHOULD UPHOLD THE INTEGRITY AND INDEPENDENCE OF THE JUDICIARY
An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing, and should himself observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective.

CANON 2

A JUDGE SHOULD AVOID IMPROPRIETY AND THE APPEARANCE OF IMPROPRIETY IN ALL HIS ACTIVITIES
A. A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
*24 B. A judge should not allow his family, social, or other relationships to influence his judicial conduct or judgment. He should not lend the prestige of his office to advance the private interests of others; nor should he convey or permit others to convey the impression that they are in a special position to influence him. He should not testify voluntarily as a character witness.
COMMENTARY
Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges. A judge must avoid all impropriety and appearance of impropriety. He must expect to be the subject of constant public scrutiny. He must therefore accept restrictions on his conduct that might be viewed as burdensome by the ordinary citizen and should do so freely and willingly.
The testimony of a judge as a character witness injects the prestige of his office into the proceeding in which he testifies and may be misunderstood to be an official testimonial. This Canon, however, does not afford him a privilege against testifying in response to an official summons.

CANON 3

A JUDGE SHOULD PERFORM THE DUTIES OF HIS OFFICE IMPARTIALLY AND DILIGENTLY
The judicial duties of a judge take precedence over all his other activities. His judicial duties include all the duties of his office prescribed by law. In the performance of these duties, the following standards apply:
A. Adjudicative Responsibilities
(1) A judge should be faithful to the law and maintain professional competence in it. He should be unswayed by partisan interests, public clamor, or fear of criticism.
(2) A judge should maintain order and decorum in proceedings before him.
(3) A judge should be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom he deals in his official capacity, and should require similar conduct of lawyers, and of his staff, court officials, and others subject to his direction and control.
COMMENTARY
The duty to hear all proceedings fairly and with patience is not inconsistent with the duty to dispose promptly of the business of the court. Courts can be efficient and business-like while being patient and deliberate.
(4) A judge should accord to every person who is legally interested in a proceeding, or his lawyer, full right to be heard according to law, and, except as authorized by law, neither initiate nor consider ex parte or other communications concerning a pending or impending proceeding. A judge, however, may obtain the advice of a disinterested expert on the law applicable to a proceeding before him if he gives notice to the parties of the person consulted and the substance of the advice, and affords the parties reasonable opportunity to respond.
COMMENTARY
The proscription against communications concerning a proceeding includes communications from lawyers, law teachers, and other persons who are not participants in the proceeding, except to the limited extent permitted. It does not preclude a judge from consulting with other judges, or with court personnel whose function is to aid the judge in carrying out his adjudicative responsibilities.
An appropriate and often desirable procedure for a court to obtain the advice of a disinterested expert on legal issues is to invite him to file a brief amicus curiae.

(5) A judge should dispose promptly of the business of the court.
COMMENTARY
Prompt disposition of the court's business requires a judge to devote adequate time to his duties, to be punctual in attending court and expeditious in determining matters under submission, and to insist that court officials, litigants and their lawyers cooperate with him to that end.

*25 (6) A judge should abstain from public comment about a pending or impending proceeding in any court, and should require similar abstention on the part of court personnel subject to his direction and control. This subsection does not prohibit judges from making public statements in the course of their official duties or from explaining for public information the procedures of the court.
COMMENTARY
"Court personnel" does not include the lawyers in a proceeding before a judge. The conduct of lawyers is governed by DR7-107 of the Code of Professional Responsibility.
(7) A judge should prohibit broadcasting, televising, recording, or taking photographs in the courtroom and areas immediately adjacent thereto during sessions of court or recesses between sessions, except that a judge may authorize:
(a) the use of electronic or photographic means for the presentation of evidence, for the perpetuation of a record, or for other purposes of judicial administration;
(b) the broadcasting, televising, recording, or photographing of investitive, ceremonial, or naturalization proceedings;
(c) the photographic or electronic recording and reproduction of appropriate court proceedings under the following conditions:
(i) the means of recording will not distract participants or impair the dignity of the proceedings;
(ii) the parties have consented, and the consent to being depicted or recorded has been obtained from each witness appearing in the recording and reproduction;
(iii) the reproduction will not be exhibited until after the proceeding has been concluded and all direct appeals have been exhausted; and
(iv) the reproduction will be exhibited only for instructional purposes in educational institutions.
COMMENTARY
Temperate conduct of judicial proceedings is essential to the fair administration of justice. The recording and reproduction of a proceeding should not distort or dramatize the proceeding.
B. Administrative Responsibilities
(1) A judge should diligently discharge his administrative responsibilities, maintain professional competence in judicial administration, and facilitate the performance of the administrative responsibilities of other judges and court officials.
(2) A judge should require his staff and court officials subject to his direction and control to observe the standards of fidelity and diligence that apply to him.
(3) A judge should take or initiate appropriate disciplinary measures against a judge or lawyer for unprofessional conduct of which the judge may become aware.
COMMENTARY
Disciplinary measures may include reporting a lawyer's misconduct to an appropriate disciplinary body.
(4) A judge should not make unnecessary appointments. He should exercise his power of appointment only on the basis of merit, avoiding nepotism and favoritism. He should not approve compensation of appointees beyond the fair value of services rendered.
COMMENTARY
Appointees of the judge include officials such as referees, commissioners, special masters, receivers, guardians and personnel such as clerks, secretaries, and bailiffs. Consent by the parties to an appointment or an award of compensation does not relieve the judge of the obligation prescribed by this subsection.

*26 C. Disqualification
(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably by questioned, including but not limited to instances where:
(a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
(b) he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
COMMENTARY
A lawyer in a governmental agency does not necessarily have an association with other lawyers employed by that agency within the meaning of this subsection; a judge formerly employed by a governmental agency, however, should disqualify himself in a proceeding if his impartiality might reasonably be questioned because of such association.
(c) he knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
(d) he or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
(i) is a party to the proceeding, or an officer, director, or trustee of a party;
(ii) is acting as a lawyer in the proceeding;
COMMENTARY
The fact that a lawyer in a proceeding is affiliated with a law firm with which a lawyer-relative of the judge is affiliated does not of itself disqualify the judge. Under appropriate circumstances, the fact that "his impartiality might reasonably be questioned" under Canon 3C(1), or that the lawyer-relative is known by the judge to have an interest in the law firm that could be "substantially affected by the outcome of the proceeding" under Canon 3C(1)(d)(iii) may require his disqualification.
(iii) is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
(iv) is to the judge's knowledge likely to be a material witness in the proceeding;
(2) A judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse and minor children residing in his household.
(3) For the purposes of this section:
(a) the degree of relationship is calculated according to the civil law system;
COMMENTARY
According to the civil law system, the third degree of relationship test would, for example, disqualify the judge if his or his spouse's father, grandfather, uncle, brother, or niece's husband were a party or lawyer in the proceeding, but would not disqualify him if a cousin were a party or lawyer in the proceeding.
(b) "fiduciary" includes such relationships as executor, administrator, trustee, and guardian;
(c) "financial interest" means ownership of a legal or equitable interest, however small, or a relationship as director, advisor, or other active participant in the affairs of a party, except that:
(i) ownership in a mutual or common investment fund that holds securities is not a "financial interest" in such securities unless the judge participates in the management of the fund;
(ii) an office in an educational, religious, charitable, fraternal, or civic organization is not a "financial interest" *27 in securities held by the organization;
(iii) the proprietary interest of a policy holder in a mutual insurance company, of a depositor in a mutual savings association, or a similar proprietary interest, is a "financial interest" in the organization only if the outcome of the proceeding could substantially affect the value of the interest;
(iv) ownership of government securities is a "financial interest" in the issuer only if the outcome of the proceeding could substantially affect the value of the securities.

D. Remittal of Disqualification
A judge disqualified by the terms of Canon 3C(1)(c) or Canon 3C(1)(d) may, instead of withdrawing from the proceeding, disclose on the record the basis of his disqualification. If, based on such disclosure, the parties and lawyers, independently of the judge's participation, all agree in writing that the judge's relationship is immaterial or that his financial interest is insubstantial, the judge is no longer disqualified, and may participate in the proceeding. The agreement, signed by all parties and lawyers, shall be incorporated in the record of the proceeding.
COMMENTARY
This procedure is designed to minimize the chance that a party or lawyer will feel coerced into an agreement. When a party is not immediately available, the judge without violating this section may proceed on the written assurance of the lawyer that his party's consent will be subsequently filed.

CANON 4

A JUDGE MAY ENGAGE IN ACTIVITIES TO IMPROVE THE LAW, THE LEGAL SYSTEM, AND THE ADMINISTRATION OF JUSTICE
A judge, subject to the proper performance of his judicial duties, may engage in the following quasi-judicial activities, if in doing so he does not cast doubt on his capacity to decide impartially any issue that may come before him:
A. He may speak, write, lecture, teach, and participate in other activities concerning the law, the legal system, and the administration of justice.
B. He may appear at a public hearing before an executive or legislative body or official on matters concerning the law, the legal system, and the administration of justice, and he may otherwise consult with an executive or legislative body or official, but only on matters concerning the administration of justice.
C. He may serve as a member, officer, or director of an organization or governmental agency devoted to the improvement of the law, the legal system, or the administration of justice. He may assist such an organization in raising funds and may participate in their management and investment, but should not personally participate in public fund raising activities. He may make recommendations to public and private fund-granting agencies on projects and programs concerning the law, the legal system, and the administration of justice.
COMMENTARY
As a judicial officer and person specially learned in the law, a judge is in a unique position to contribute to the improvement of the law, the legal system, and the administration of justice, including revision of substantive and procedural law and improvement of criminal and juvenile justice. To the extent that his time permits, he is encouraged to do so, either independently or through a bar association, judicial conference, or other organization dedicated to the improvement of the law.
Extra-judicial activities are governed by Canon 5.

CANON 5

A JUDGE SHOULD REGULATE HIS EXTRA-JUDICIAL ACTIVITIES TO MINIMIZE THE RISK OF CONFLICT WITH HIS JUDICIAL DUTIES

A. Avocational Activities
A judge may write, lecture, teach, and speak on non-legal subjects, and engage in the arts, sports, and other social and recreational activities, if such avocational activities *28 do not detract from the dignity of his office or interfere with the performance of his judicial duties.
COMMENTARY
Complete separation of a judge from extra-judicial activities is neither possible nor wise; he should not become isolated from the society in which he lives.

B. Civic and Charitable Activities
A judge may participate in civic and charitable activities that do not reflect adversely upon his impartiality or interfere with the performance of his judicial duties. A judge may serve as an officer, director, trustee, or non-legal advisor of an educational, religious, charitable, fraternal, or civic organization not conducted for the economic or political advantage of its members, subject to the following limitations:
(1) A judge should not serve if it is likely that the organization will be engaged in proceedings that would ordinarily come before him or will be regularly engaged in adversary proceedings in any court.
COMMENTARY
The changing nature of some organizations and of their relationship to the law makes it necessary for a judge regularly to reexamine the activities of each organization with which he is affiliated to determine if it is proper for him to continue his relationship with it. For example, in many jurisdictions charitable hospitals are now more frequently in court than in the past. Similarly, the boards of some legal aid organizations now make policy decisions that may have political significance or imply commitment to causes that may come before the courts for adjudication.
(2) A judge should not solicit funds for any educational, religious, charitable, fraternal, or civic organization, or use or permit the use of the prestige of his office for that purpose, but he may be listed as an officer, director, or trustee of such an organization. He should not be a speaker or the guest of honor at an organization's fund raising events, but he may attend such events.
(3) A judge should not give investment advice to such an organization, but he may serve on its board of directors or trustees even though it has the responsibility for approving investment decisions.
COMMENTARY
A judge's participation in an organization devoted to quasi-judicial activities is governed by Canon 4.
C. Financial Activities
(1) A judge should refrain from financial and business dealings that tend to reflect adversely on his impartiality, interfere with the proper performance of his judicial duties, exploit his judicial position, or involve him in frequent transactions with lawyers or persons likely to come before the court on which he serves.
(2) Subject to the requirements of subsection (1), a judge may hold and manage investments, including real estate, and engage in other remunerative activity permitted by this Canon, but should not serve as an officer, director, manager, advisor, or employee of any business.
COMMENTARY
The Effective Date of Compliance provision of this Code qualifies this subsection with regard to a judge engaged in a family business at the time this Code becomes effective.
(3) A judge should manage his investments and other financial interests to minimize the number of cases in which he is disqualified. As soon as he can do so without serious financial detriment, he should divest himself of investments and other financial interests that might require frequent disqualification.
(4) Neither a judge nor a member of his family residing in his household should accept a gift, bequest, favor, or loan from anyone except as follows:
(a) a judge may accept a gift incident to a public testimonial to him; books supplied by publishers on a complimentary *29 basis for official use; or an invitation to the judge and his spouse to attend a bar-related function or activity devoted to the improvement of the law, the legal system, or the administration of justice;
(b) a judge or a member of his family residing in his household may accept ordinary social hospitality; a gift, bequest, favor, or loan from a relative; a wedding or engagement gift; a loan from a lending institution in its regular course of business on the same terms generally available to persons who are not judges; or a scholarship or fellowship awarded on the same terms applied to other applicants;
(c) a judge or a member of his family residing in his household may accept any other gift, devise, bequest, favor, or loan only if the donor is a relative or is not a party or other person whose interests have recently come or may likely come before him in the immediate future, and, if its value exceeds $100, the judge reports it in the same manner as he reports compensation in Canon 6C.
COMMENTARY
This subsection does not apply to contributions to a judge's campaign for judicial office, a matter governed by Canon 7.
(5) For the purposes of this section "member of his family residing in his household" means any relative of a judge by blood or marriage, or a person treated by a judge as a member of his family, who resides in his household.
(6) A judge is not required by this Code to disclose his income, debts, or investments, except as provided in this Canon and Canons 3 and 6.
COMMENTARY
Canon 3 requires a judge to disqualify himself in any proceeding in which he has a financial interest, however small; Canon 5 requires a judge to refrain from engaging in business and from financial activities that might interfere with the impartial performance of his judicial duties; Canon 6 requires him to report all compensation he receives for activities outside his judicial office. A judge has the rights of an ordinary citizen, including the right to privacy of his financial affairs, except to the extent that limitations thereon are required to safeguard the proper performance of his duties. Owning and receiving income from investments do not as such affect the performance of a judge's duties.
(7) Information acquired by a judge in his judicial capacity should not be used or disclosed by him in financial dealings or for any other purpose not related to his judicial duties.
D. Fiduciary Activities
A judge should not serve as the executor, administrator, trustee, guardian, or other fiduciary, except for the estate, trust, or person of a member of his family, and then only if such service will not interfere with the proper performance of his judicial duties. "Member of his family" includes a spouse, child, grandchild, parent, grandparent, or other relative or person with whom the judge maintains a close familial relationship. As a family fiduciary a judge is subject to the following restrictions:
(1) He should not serve if it is likely that as a fiduciary he will be engaged in proceedings that would ordinarily come before him, or if the estate, trust, or ward becomes involved in adversary proceedings in the court on which he serves or one under its appellate jurisdiction.
COMMENTARY
The Effective Date of Compliance provision of this Code qualifies this subsection with regard to a judge who is an executor, administrator, trustee, or other fiduciary at the time this Code becomes effective.
(2) While acting as a fiduciary a judge is subject to the same restrictions on financial activities that apply to him in his personal capacity.

*30 COMMENTARY
A judge's obligation under this Canon and his obligation as a fiduciary may come into conflict. For example, a judge should resign as trustee if it would result in detriment to the trust to divest it of holdings whose retention would place the judge in violation of Canon 5C(3).
E. Arbitration
A judge should not act as an arbitrator or mediator.
F. Practice of Law
A judge should not practice law.
G. Extra-judicial Appointments
A judge should not accept appointment to a governmental committee, commission, or other position that is concerned with issues of fact or policy on matters other than the improvement of the law, the legal system, or the administration of justice. A judge, however, may represent his country, state, or locality on ceremonial occasions or in connection with historical, educational, and cultural activities.
COMMENTARY
Valuable services have been rendered in the past to the states and the nation by judges appointed by the executive to undertake important extra-judicial assignments. The appropriateness of conferring these assignments on judges must be reassessed, however, in light of the demands on judicial manpower created by today's crowded dockets and the need to protect the courts from involvement in extra-judicial matters that may prove to be controversial. Judges should not be expected or permitted to accept governmental appointments that could interfere with the effectiveness and independence of the judiciary.

CANON 6

A JUDGE SHOULD REGULARLY FILE PUBLIC REPORTS OF COMPENSATION FOR PERSONAL SERVICES RECEIVED FOR QUASI-JUDICIAL AND EXTRA-JUDICIAL ACTIVITIES. IN ADDITION, A JUDGE SHALL FILE AN ANNUAL FINANCIAL REPORT WITH THE JUDICIAL QUALIFICATIONS COMMISSION
A. A judge may receive compensation and reimbursement of expenses for the quasi-judicial and extra-judicial activities permitted by this Code, if the source of such payments does not give the appearance of influencing the judge in his judicial duties or otherwise give the appearance of impropriety, subject to the following restrictions:
1. Compensation
Compensation should not exceed a reasonable amount nor should it exceed what a person who is not a judge would receive for the same activity.
2. Expense Reimbursement
Expense reimbursement should be limited to the actual cost of travel, food, and lodging reasonably incurred by the judge and, where appropriate to the occasion, by his spouse. Any payment in excess of such an amount is compensation.
3. Public Report
A judge should report the date, place, and nature of any activity for which he received compensation, and the name of the payor and the amount of compensation so received. Compensation or income of a spouse attributed to the judge by operation of a community property law is not extra-judicial compensation to the judge. His report should be made at least annually. Reports of justices of the Supreme Court and judges of the District Courts of Appeal should be filed as a public document in the office of the clerk of their respective courts. Reports of all other judges should be filed as a public document in the office of the clerk of the circuit court of the counties in which they reside.

*31 B. A judge shall file with the Judicial Qualifications Commission of this state on or before ten days after filing his federal income tax return for the year 1971 and during the same time in each year thereafter, a financial report consisting of the following documents:
1. a true copy of the most recent federal income tax return filed by him;
2. a verified statement on forms to be approved by the commission of the assets and liabilities[1] owned, held, or incurred by him at any time during the preceding year as well as a statement of the source and amounts of all income including gifts[2] and bequests, received by him during the preceding year;
3. a verified list of the names of the corporations and other businesses in which he has a financial interest.
The copy of income tax return and verified financial statement called for in subparagraphs 1 and 2 above shall be transmitted in a sealed envelope, placed by the commission in safekeeping, and shall be opened only pursuant to a majority vote of the commission duly assembled.
The list of corporations and businesses in which the judge has a financial interest called for in subparagraph 3 above shall be transmitted in a separate sealed envelope, placed by the commission in safekeeping, and shall not be opened or the contents thereof disclosed except in the manner hereinafter provided for the opening and examination of the documents called for in subparagraphs 1 and 2 above, or as hereinafter provided.
At any time during or after the pendency of a cause, any party may request information as to whether the most recent list filed by the judge or judges before whom the cause is or was pending contains the name of any specific person or corporation or other business which is a party to the cause or which has a substantial, direct, or indirect financial interest in its outcome. Neither the making of the request nor the contents thereof shall be revealed by the chairman to any judge or other person except at the instance of the individual making the request. If the request meets the requirements hereinabove set forth, the chairman shall render a prompt answer thereto and thereupon return the report to safekeeping for retention in accordance with the provisions hereinabove stated. All such requests shall be verified and transmitted to the chairman of the commission on forms to be approved by it.

CANON 7

A JUDGE SHOULD REFRAIN FROM POLITICAL ACTIVITY INAPPROPRIATE TO HIS JUDICIAL OFFICE

A. Political Conduct in General
(1) A judge or a candidate for election to judicial office should not:
(a) act as a leader or hold any office in a political organization;
(b) make speeches for a political organization or candidate or publicly endorse a candidate for public office;
COMMENTARY
A candidate does not publicly endorse another candidate for public office by having his name on the same ticket. A judge or a candidate for judicial office does not publicly endorse another candidate by attending any political function given on behalf of a candidate for judicial office.
(c) solicit funds for or pay an assessment or make a contribution to a political organization or candidate or purchase *32 tickets for political party dinners, or other functions, except as authorized in subsection A(2);
(2) A judge holding an office filled by public election between competing candidates, or a candidate for such office, may, only insofar as permitted by law, attend political gatherings and speak to such gatherings on his own behalf when he is a candidate for election or re-election.
(3) A judge should resign his office when he becomes a candidate either in a party primary or in a general election for a non-judicial office, except that he may continue to hold his judicial office while being a candidate for election to or serving as a delegate in a state constitutional convention, if he is otherwise permitted by law to do so.
(4) A judge should not engage in any other political activity except on behalf of measures to improve the law, the legal system, or the administration of justice.

B. Campaign Conduct
(1) A candidate, including an incumbent judge, for a judicial office that is filled either by public election between competing candidates or on the basis of a merit system election:
(a) should maintain the dignity appropriate to judicial office, and should encourage members of his family to adhere to the same standards of political conduct that apply to him;
(b) should prohibit public officials or employees subject to his direction or control from doing for him what he is prohibited from doing under this Canon; and except to the extent authorized under subsection B(2) or B(3), he should not allow any other person to do for him what he is prohibited from doing under this Canon;
(c) should not make pledges or promises of conduct in office other than the faithful and impartial performance of the duties of the office; announce his views on disputed legal or political issues; or misrepresent his identity, qualifications, present position, or other fact.
(2) A candidate, including an incumbent judge, for a judicial office that is filled by public election between competing candidates should not himself solicit campaign funds, or solicit attorneys for publicly stated support, but he may establish committees of responsible persons to secure and manage the expenditure of funds for his campaign and to obtain public statements of support for his candidacy. Such committees are not prohibited from soliciting campaign contributions and public support from any person or corporation authorized by law. A candidate's committees may solicit funds for his campaign only within the time limitation provided by law. A candidate should not use or permit the use of campaign contributions for the private benefit of himself or members of his family.
(3) An incumbent judge who is a candidate for retention in or re-election to office without a competing candidate, and whose candidacy has drawn active opposition, may campaign in response thereto and may obtain publicly stated support and campaign funds in the manner provided in subsection B(2).

COMPLIANCE WITH THE CODE OF JUDICIAL CONDUCT
Anyone, whether or not a lawyer, who is an officer of a judicial system performing judicial functions, including an officer such as a referee in bankruptcy, special master, court commissioner, or magistrate, is a judge for the purpose of this Code. All judges should comply with this Code except as provided below.

A. Part-time Judge
A part-time judge is a judge who serves on a continuing or periodic basis, but is permitted by law to devote time to some other profession or occupation and whose compensation for that reason is less than *33 that of a full-time judge. A part-time judge:
(1) is not required to comply with Canon 5C(2), D, E, F, and G, and Canon 6A(3);
(2) should not practice law in the court on which he serves or in any court subject to the appellate jurisdiction of the court on which he serves, or act as a lawyer in a proceeding in which he has served as a judge or in any other proceeding related thereto.

B. Judge Pro Tempore
A judge pro tempore is a person who is appointed to act temporarily as a judge.
(1) While acting as such, a judge pro tempore is not required to comply with Canon 5C(2), (3), D, E, F, and G, and Canon 6A(3).
(2) A person who has been a judge pro tempore should not act as a lawyer in a proceeding in which he has served as a judge or in any other proceeding related thereto.

C. Retired Judge
A retired judge who receives the same compensation as a full-time judge on the court from which he retired and is eligible for recall to judicial service should comply with all the provisions of this Code except Canons 5D, 5G, and 6, but he should refrain from judicial service during the period of an extra-judicial appointment not sanctioned by Canon 5G. All other retired judges eligible for recall to judicial service should comply with the provisions of this Code governing part-time judges.
If a retired justice or judge shall file with the Clerk of the Supreme Court a statement that he does not desire to be assigned to judicial service, such justice or judge who is a member of The Florida Bar may engage in the practice of law and still be entitled to receive his retirement compensation. He shall then be entitled to all the rights of an attorney-at-law and no longer be subject to this Code.

EFFECTIVE DATE OF COMPLIANCE
A person to whom this Code becomes applicable should arrange his affairs as soon as reasonably possible to comply with it. If, however, the demands on his time and the possibility of conflicts of interest are not substantial, a person who holds judicial office on the date this Code becomes effective may:
(a) continue to act as an officer, director, or non-legal advisor of a family business;
(b) continue to act as an executor, administrator, trustee, or other fiduciary for the estate or person of one who is not a member of his family.
Because of financial hardships and the difficulties and confusion that would ensue from the precipitate termination or surrender by certain incumbent judges of existing business investments or corporate or partnership or executor of estate relationships involving both current income and prospective retirement income, incumbent judges on the effective date of the Code shall have a period of two years from and after such effective date to bring themselves in strict compliance with Canon 5.
NOTES
[1] excluding any individual trade account which does not exceed $200 in any month, such as sums owed monthly on oil company credit cards, department store charges, utility bills, etc.
[2] excluding gifts received from a judge's immediate family and all campaign gifts which are reportable under Chapter 99, Florida Statutes.