348 So.2d 891 (1977)
In re CODE OF JUDICIAL CONDUCT (FINANCIAL DISCLOSURE).
No. 46773-A.
Supreme Court of Florida.
July 28, 1977.
Gunter Stephenson, Winter Haven, Chairman, and John T. Wigginton, Tallahassee, Member, for the Special Advisory Committee on the Code of Judicial Conduct.
PER CURIAM.
The Code of Judicial Conduct places more restrictive limitations upon judicial officers as it relates to their financial activities than are now prescribed for other public officials. This Court has previously recognized the need to amend Canons 5 and 6 of the Code of Judicial Conduct relating to financial disclosure and gifts in order to effectively coordinate the method of reporting for judicial officers under Article II, Section 8, of the Constitution of Florida, and the financial disclosure forms prescribed by the Ethics Commission.[1] We established a special committee and requested that it make recommendations to this Court as to how Canons 5 and 6 should be modified to comply with the new constitutional provision, and requested the chairman of the committee, The Honorable Gunter Stephenson, formerly chairman of the Committee on Standards of Judicial Conduct, and The Honorable John T. Wigginton, General Counsel of the Judicial Qualifications Commission, to meet with the Ethics Commission and its staff to attempt to coordinate the means of financial reporting for judicial officers of this state. Their report recommends appropriate amendments which we hereby adopt making only procedural and stylistic changes and adding commentary for full understanding of the amendments.[2]
We hereby amend Canon 5, subsection C(4)(c), to read as follows:
(c) a judge may accept any other gift, bequest, favor, or loan only if the donor is a relative or is not a party or other person whose interests have recently come or may likely come before him, in the immediate future, and, if its value exceeds $100, the judge reports it in the manner prescribed in Canon 6.
Canon 5C(4)(c) remains the same except for its reference to the method of reporting gifts in Canon 6.
We hereby amend Canon 6 to read as follows:
CANON 6
FISCAL MATTERS OF A JUDGE SHOULD BE CONDUCTED IN A MANNER AS TO NOT GIVE THE APPEARANCE OF INFLUENCE OR IMPROPRIETY; A JUDGE SHOULD REGULARLY FILE PUBLIC REPORTS AS REQUIRED BY ARTICLE II, SECTION 8, OF THE CONSTITUTION OF FLORIDA, AND SHOULD PUBLICLY REPORT GIFTS; ADDITIONAL FINANCIAL INFORMATION SHALL BE FILED WITH THE JUDICIAL QUALIFICATIONS COMMISSION TO ENSURE FULL FINANCIAL DISCLOSURE.
A. Compensation for Quasi-Judicial and Extra-Judicial Services and Reimbursement of Expenses:

*892 A judge may receive compensation and reimbursement of expenses for the quasi-judicial and extra-judicial activities permitted by this Code, if the source of such payments does not give the appearance of influencing the judge in his judicial duties or otherwise give the appearance of impropriety, subject to the following restrictions:
1. Compensation. Compensation should not exceed a reasonable amount nor should it exceed what a person who is not a judge would receive for the same activity.
2. Expense Reimbursement. Expense reimbursement should be limited to the actual cost of travel, food, and lodging reasonably incurred by the judge and, where appropriate to the occasion, to his spouse. Any payment in excess of such an amount is compensation.
B. Public Financial Reporting:
1. Income and Assets. A judge shall file such public report as may be required by law for all public officials to comply fully with the provisions of Article II, Section 8, of the Constitution of Florida. The form for public financial disclosure shall be that recommended or adopted by the Florida Commission on Ethics for use by all public officials. The form shall be filed in the office of the Secretary of State on the date prescribed by law, and a copy shall be filed simultaneously with the Judicial Qualifications Commission.
2. Gifts. A judge shall file a public report of all gifts which are required to be disclosed under Canon 5C(4)(c) of the Code of Judicial Conduct. The report of gifts received in the preceding calendar year shall be filed in the office of the Secretary of State on September 15, 1977, and on or before July 1 of each year thereafter. A copy shall be filed simultaneously with the Judicial Qualifications Commission.
C. Confidential Financial Reporting to the Judicial Qualifications Commission:
To ensure that complete financial information is available for all judicial officers, the following documents shall be filed with the Judicial Qualifications Commission on September 15, 1977, and on or before July 1 of each year thereafter, if not already included in the public report to be filed under Canon 6B(1) and (2):
1. A true copy of the judge's most recent Federal Income Tax Return filed with the federal government, which shall be transmitted in a sealed envelope and placed by the Commission in safekeeping, and be opened only pursuant to a majority vote of the Commission duly assembled.
2. A verified list of the names of the corporations and other business entities in which the judge has a financial interest as of December 31 of the preceding year, which shall be transmitted in a separate sealed envelope, placed by the Commission in safekeeping, and not be opened or the contents thereof disclosed except in the manner hereinafter provided.
At any time during or after the pendency of a cause, any party may request information as to whether the most recent list filed by the judge or judges before whom the cause is or was pending contains the name of any specific person or corporation or other business entity which is a party to the cause or which has a substantial direct or indirect financial interest in its outcome. Neither the making of the request nor the contents thereof shall be revealed by the chairman to any judge or other person except at the instance of the individual making the request. If the request meets the requirements hereinabove set forth, the chairman shall render a prompt answer thereto and thereupon return the report to safekeeping for retention in accordance with the provisions hereinabove stated. All such requests shall be verified and transmitted to the chairman of the Commission on forms to be approved by it.
Commentary
Subparagraph A prescribes guidelines for additional compensation and the reimbursement of expense funds received by a judge. The substantive wording is identical to the first three paragraphs of Canon 6 in the ABA Code of Judicial Conduct. For additional commentary, see *893 generally, Thode, Reporter's Notes to Code of Judicial Conduct 92 (1973) [Canon 6].
Subparagraphs B and C prescribe the three types of financial disclosure reports required of each judicial officer.
The first is the Ethics Commission's constitutionally required form pursuant to Article II, Section 8, of the Constitution. It must be filed each year as prescribed by law. The financial reporting period is for the previous calendar year. The filing of the income tax return is a permissible alternative. If the income tax return alternative is not filed with this report, it must be filed as part of the confidential report required to be filed by subparagraph C.

The second is a report of gifts received during the preceding calendar year to be filed publicly in the Secretary of State's office. The gifts to be reported are in accordance with Canon 5C(4)(c). This reporting is in lieu of that prescribed by Section 112.3145(1)(c)(3), Florida Statutes (1975), as stated in the Supreme Court's opinion rendered in In re Code of Judicial Conduct, 281 So.2d 21 (1973). The form for this report is as follows:

FORM 6A GIFT DISCLOSURE.
 All judicial officers must file with the Secretary of State a list of all
gifts received during the preceding calendar year of a value in excess of
$100.00, as provided in Canon 5C(4) and Canon 6(b)(2) of the Code of
Judicial Conduct.
Name: ____________________________ Telephone: _________
Address: ______________________________________________
Position Held: ________________________________________
Please identify all gifts you received during the preceding calendar year
of a value in excess of $100.00, as required by Canon 5C(4) and Canon
6(b)(2) of the Code of Judicial Conduct.
 Source Value
________________________________________________________ _______________
________________________________________________________ _______________
________________________________________________________ _______________
________________________________________________________ _______________
________________________________________________________ _______________
________________________________________________________ _______________
________________________________________________________ _______________
________________________________________________________ _______________
________________________________________________________ _______________
________________________________________________________ _______________
 OATH
State of Florida
County of ____________
 I, __________________, the public official filing this disclosure
statement, being first duly sworn, do depose on oath and say that the facts
set forth in the above statement are true, correct, and complete to the
best of my knowledge and belief.
 ___________________________________
 (Signature of Reporting Official)
 ___________________________________
 (Signature of Officer Authorized
 to Administer Oaths)
 My Commission expires
Sworn to and subscribed
before me this _________
day of ____, 19__

The third financial disclosure report is prescribed in subparagraph C. This provision ensures that there will be complete financial information for all judicial officers available with the Judicial Qualifications Commission by requiring that full disclosure be filed confidentially with the Commission in the event the limited disclosure alternative is selected under the provisions of Article II, Section 8.
The amendment to this Canon requires in 6B(2) a separate gift report to be filed in the office of the Secretary of State on September 15, 1977, and on July 1 of each year thereafter. The form to be used for that report is included in the commentary to Canon 6. It should be noted that Canon 5, as it presently exists, restricts and prohibits the receipt of certain gifts. This provision is not applicable to other public officials.
With reference to financial disclosure if the judge chooses the limited disclosure alternative available under the provisions of Article II, Section 8, of the Constitution of Florida, without the inclusion of his Federal Income Tax Return, then he must file his tax return confidentially with the Commission and also list the names of corporations or other business entities in which he has a financial interest even though the amount is less than $1,000. This information remains confidential until a request is made *894 by a party to a cause before the judge. This latter provision continues to ensure that complete financial information for all judicial officers is available with the Judicial Qualifications Commission and that parties who are concerned about a judge's possible financial interest have a means of obtaining that information as it pertains to a particular cause before the judge.
The amendments to Canons 5 and 6 are effective immediately, and all judicial officers of this state are directed to comply therewith on the dates prescribed therein.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND, SUNDBERG, HATCHETT and KARL, JJ., concur.

APPENDIX

 REPORT
 The undersigned Gunter Stephenson as Chairman, and John T.
Wigginton as member of the Special Advisory Committee on the Code
of Judicial Conduct heretofore appointed by this Court, in
response to the order entered herein on March 10, 1977,
respectfully report that they met with the staff of the Ethics
Commission on March 3, 1977, in an attempt to coordinate the
means of financial reporting of judicial officers of this State,
and as a result thereof recommend to the Court that the following
changes be made in Canons 5 and 6 of the Code of Judicial Conduct
in order to comply with the new Section 8, Article II of the
Constitution of the State of Florida, to wit:
 1. Amend Canon 5 by changing the last two words in subsection
C(4)(c) "Canon 6C" to "Canon 6A3."
 2. Amend the title to Canon 6 to read:
 A JUDGE SHOULD REGULARLY FILE SUCH PUBLIC REPORT AS
 IS REQUIRED BY LAW TO COMPLY WITH THE PROVISIONS OF
 ARTICLE II, SECTION 8 OF THE CONSTITUTION OF THE
 STATE OF FLORIDA, AND IN ADDITION SHALL FILE AN
 ANNUAL FINANCIAL REPORT WITH THE JUDICIAL
 QUALIFICATIONS COMMISSION.
 3. Amend sub-paragraph A3 to read:
 "3. Public Reporting. A judge should file such public report as
may be required by law to comply fully with the provisions of
Article II, Section 8, of the Constitution of the State of
Florida. Such report shall include gifts which are required to be
reported pursuant to the provisions of Canon 5C(4)(c) of this
Code."
 4. Strike Canon 6B in its entirety and substitute in lieu
thereof the following:
 "B. A judge shall file with the Judicial Qualifications
Commission of this State on or before July 1, of each year
hereafter a financial report consisting of the following
documents:
 1. A true copy of the judge's most recent Federal Income Tax
Return filed with the federal government which shall be
transmitted in a sealed envelope and placed by the Commission in
safekeeping and be opened only pursuant to a majority vote of the
Commission duly assembled.
 2. A verified list of the names of the corporations and other
business entities in which the judge has a financial interest
which shall be transmitted in a separate sealed envelope, placed
by the Commission in safekeeping, and not be opened or the
contents thereof disclosed except in the manner hereinafter
provided.
 At any time during or after the pendency of a cause, any party
may request information as to whether the most recent list filed
by the judge or judges before whom the cause is or was pending
contains the name of any specific person or corporation or other
business entity which is a party to the cause or which has a
substantial, direct, or indirect financial interest in its
outcome.
*895 Neither the making of the request nor the contents thereof shall
be revealed by the chairman to any judge or other person except
at the instance of the individual making the request. If the
request meets the requirements hereinabove set forth, the
chairman shall render a prompt answer thereto and thereupon
return the report to safekeeping for retention in accordance
with the provisions hereinabove stated. All such requests shall
be verified and transmitted to the chairman of the Commission on
forms to be approved by it."
 Respectively submitted this 17th day of March, 1977.
 /s/ Gunter Stephenson 
 GUNTER STEPHENSON
 CHAIRMAN
 /s/ John T. Wigginton 
 JOHN T. WIGGINTON
 MEMBER

NOTES
[1] The Florida Bar Re: Petition for Advisory Opinion Concerning the Applicability of Chapter 74-177, 316 So.2d 45 (Fla. 1975); In Re: Code of Judicial Conduct (Fla., Order of the Court filed October 9, 1975) (order establishing Special Advisory Committee on the Code of Judicial Conduct); In Re: Code of Judicial Conduct (Financial Disclosure), Case No. 46,773-A (Fla., filed March 10, 1977) (order extending date for filing financial disclosure form required by Canon 6 to July 1, 1977); In Re: Code of Judicial Conduct (Financial Disclosure), Case No. 46,773-A (Fla., filed June 22, 1977) (order extending disclosure required by Canon 6, but recognizing need to comply with Article II, Section 8, of the Florida Constitution).
[2] The report of the Committee is contained in the Appendix to this opinion.