PER CURIAM.
Pursuant to article V, section 15 of the Florida Constitution, this Court promulgated [1] and later amended[2] Canon 6 of the Code of Judicial Conduct. Canon 6, in relevant part, now reads as follows:
B. Public Financial Reporting:
1. Income and Assets. A judge shall file such public report as may be required by law for all public officials to comply fully with the provisions of Article II, Section 8, of the Constitution of Florida. The form for public financial disclosure shall be that recommended or adopted by the Florida Commission on Ethics for use by all public officials. The form shall be filed in the office of the Secretary of State on the date prescribed by law, and a copy shall be filed simultaneously with the Judicial Qualifications Commission.[3]
In order to comply with article II, section 8 of the Florida Constitution, justices and judges must “file full and public disclosure of their financial interests.”[4] Article II, section 8(h) states that “until changed by law,” such disclosure entails filing by July 1 of each year a sworn statement showing net worth and identifying by value each asset and liability in excess of $1,000, together with either a copy of the person’s most recent federal income tax return or a sworn statement identifying each separate source and amount of income which exceeds $1,000.[5] Compliance with this filing requirement of article II, section 8, is all that is required by the above quoted provision of Canon 6.
Section 112.3145(2)(b), Florida Statutes (1977), requires each newly-appointed state officer to file a statement of financial interests within 30 days of the date of his appointment. The question arises as to whether new judges must file within 30 days of their appointment to the bench, in accordance with this provision.
In In re The Florida Bar: Petition For Advisory Opinion Concerning Applicability of Chapter 74-177, 316 So.2d 45 (Fla.1975), we held that the state’s financial disclosure law, which included section 112.3145, did not apply to judicial officers. We indicated, however, that financial disclosure requirements for judicial officers should be equal to or higher than those for legislative and executive officials, and we later amended Canon 6, as noted above, to require compliance with article II, section 8 of the Florida Constitution.
Since section 112.3145 was adopted before the so-called Sunshine Amendment and the requirement of article II, section 8(h) for annual filings on July 1 has not been “changed by law,” we hold that section 112.3145(2)(b) is inapplicable to judicial officers. Compliance with Canon 6 constitutes full and public disclosure for justices and judges. Since neither Canon 6 nor article II, section 8 includes a 30-day filing provision, none is required.
ENGLAND, C. J., and ADKINS, BOYD, OVERTON, SUNDBERG, ALDERMAN and McDONALD, JJ., concur.

. In re The Florida Bar — Code of Judicial Conduct, 281 So.2d 21 (Fla. 1973).

. In re Code of Judicial Conduct (Financial Disclosure), 348 So.2d 891 (Fla.1977).

.Fla. Bar Code Jud. Conduct, Canon 6B.

. Art. II, § 8(a), Fla.Const.

. Id. § 8(h).