OVERTON, Judge,
dissenting.
I dissent. This modification of Canon 5C(2) of The Florida Bar Code of Judicial Conduct permits substantial involvement by members of the judiciary in the management and operation of family businesses. This change is contrary to the purpose and intent of the present Code of Judicial Conduct and, in my view, is a step backward from that code, which was drafted to give guidance to the judiciary to assure that the integrity and independence of the judiciary may be preserved.
Our present Code of Judicial Conduct was drafted, in part, in response to rising public concern about the extrajudicial financial and business activities of the judiciary. It was authored by a select American Bar Association committee that conducted numerous public hearings and received commentaries from all interested parties, including judicial and professional organizations. The code was unanimously adopted by the American Bar Association in 1972 and. was adopted by this Court in 1973, with the full support of The Florida Bar, the Conference of District Court of Appeal Judges, and the Conference of Circuit Judges. In re The Florida Bar— Code of Judicial Conduct, 281 So.2d 21 (Fla.1973).
The question of active judicial participation in family-owned business was directly addressed by the authors of the code, who believed that the old standards regulating the business activities of judges were too permissive. With regard to business interests, their aim was
to prevent the appearance to litigants, lawyers, and the public that patronizing the business in which a judge is actively involved will work to the advantage of the litigant, or that failure to patronize the business will work to his disadvantage.
E. Thode, Reporter’s Notes to Code of Judicial Conduct 81 (1973).
Canon 5 directs that “a judge should regulate his extrajudicial activities to minimize the risk of conflict with his judicial *1134 duties.” It prescribes how that direction must be carried out in four paragraphs: A. Avocational Activities; B. Civic and Charitable Activities; C. Financial Activities; and D. Fiduciary Activities. Paragraph C of Canon 5 presently reads, in part, as follows:
(1) A judge should refrain from financial and business dealings that tend to reflect adversely on his impartiality, interfere with the proper performance of his judicial duties, exploit his judicial position, or involve him in frequent transactions with lawyers or persons likely to come before the court on which he serves.
(2) Subject to the requirements of subsection (1), a judge may hold and manage investments, including real estate, and engage in other remunerative activity, but should not serve as an officer, director, manager, advisor, or employee of any business.

(3) A judge should manage his investments and other financial interests to minimize the number of cases in which he is disqualified. As soon as he can do so without serious financial detriment, he should divest himself of investments and other financial interests that might require frequent disqualification.
Canon 5 was adopted to guide and regulate judicial officers’ business activities and intentionally limited their financial and personal involvement in businesses. The authors of the code recognized the potential hardship to incumbent judges and agreed that a grandfather clause exemption from the “no business provision” would be appropriate for judges who were involved in family businesses at the time the code was adopted. There was a clear intent, however, that new judges, knowing the full extent of these restrictions before accepting judicial appointments, should be prohibited from involvement in family businesses.
In adopting the code in 1973, this Court gave incumbent judges two years within which to come into compliance with the business interest provision. 281 So.2d at 21. We also approved a grandfather provision that allowed incumbent judges to continue serving as officers, directors, or nonlegal advisors of family businesses if they were so engaged at the time the code became effective. Id. at 28.
The purpose of Canon 5C is to emphasize that judges should limit fiscal and business activities to avoid the impression that litigants should patronize the business of a judge to receive an advantage in litigation before the judge. In my view, the amendment to Canon 5C(2) is contrary to the overall intent and purpose of the code. If it is all right to engage in a family business, why is it not also permissible for a judge to engage in a sole proprietorship? I see no valid distinction between the two situations, but I strongly believe there should be no such business activity and I would adhere to the strict prohibition now present in the code. To open this door and allow a judge to take an active part in family business activities is sending the wrong message to the judiciary and the public. It also aligns this state with a very limited minority of jurisdictions which do not fully subscribe to this strict Code of Judicial Conduct.