# Supreme Court of Florida

_____

No. SC17-680

_____

## IN RE: AMENDMENTS TO THE CODE OF JUDICIAL CONDUCT.

[May 18, 2017]

PER CURIAM.

The Court, on its own motion, amends the Code of Judicial Conduct (Code) to clarify the public financial and gift disclosure requirements for judges, and to reiterate that the filing of the public financial disclosure reports required by the Code is the only public disclosure of financial interests, compensation, gifts, or other benefits a judge or justice is required to make.[1] We adopt these clarifying amendments in response to uncertainty as to some of the reporting requirements expressed by some judges.

When the Court first adopted the Code of Judicial Conduct in 1973, it made clear that the financial reporting requirements of the Code "supersede[] the requirements of any statute relating to financial reporting and it will not be

_____

1. We have jurisdiction. See art. V, § 2(a), Fla. Const.

necessary for the justices and judges to file reports under any statute since such reports are filed under Canon 6." In re The Florida Bar—Code of Judicial Conduct, 281 So. 2d 21, 22 (Fla. 1973). In 1977, the Court amended Canon 6 in response to the adoption of the full and public financial disclosure requirements of article II, section 8, of the Florida Constitution. At that time, the Court also added the current Canons 5 and 6 gift reporting requirements, recognizing in the Commentary to Canon 6 that the reporting required in Canons 5 and 6 is "in lieu of that prescribed" in Chapter 112, as stated in the Court's 1973 opinion. See In re Code of Judicial Conduct (Financial Disclosure), 348 So. 2d 891, 893 (Fla. 1977). The current Commentary to Canon 6 discussing the required financial disclosure reports reads substantially the same.

In response to the recent uncertainty as to certain reporting requirements,[2] we have reviewed Canons 5D(5)(a) (Financial Activities; Gifts), 6A (Compensation for Quasi-Judicial and Extrajudicial Services and Reimbursement of Expenses), and 6B (Public Financial Reporting) of the Code, as well as this Court's prior opinions, and we conclude that the ethical requirements imposed on judges and justices by the Code, including the financial and gift reporting

_____

2. The Court thanks the Code of Judicial Conduct Workgroup, appointed by Chief Justice Labarga, for its report, which, together with the uncertainties raised, led to the Court's review of the pertinent canons.

requirements, remain the standard of conduct and of reporting for the judicial branch. The stated expectations of conduct ensure the overarching purpose of our Code of Judicial Conduct, which, as stated in the Preamble to the Code, is to establish "standards for ethical conduct of judges" in order to ensure "an independent, fair and competent judiciary" and "to enhance and maintain confidence in our legal system." Accordingly, we add a new Commentary to Canon 6 to reiterate that "[t]he filing of the disclosure reports required under Canon 6B is the only public disclosure of financial interests, compensation, gifts, expense reimbursements, or other benefits that a judge is required to make under this Code or the Florida Constitution. By filing the required disclosure reports, a judge fulfills all the expectations of conduct, and ethical and constitutional requirements related to such disclosure."

We also amend Canons 5D(5)(a), 6A, and 6B(2) of the Code. The amendments to Canon 5D(5)(a) (Financial Activities; Gifts) and its commentary clarify that the attendance, without charge, of a bar-related event such as a bar-related lunch, dinner, or social event such as a reception or Law Day event does not have to be reported as a gift as long as the actual value of attending the individual event does not exceed $100, despite the fact that the aggregate value of attending such functions or events given by the same bar association or other entity in the same calendar year exceeds $100. Even though a judge must report

- 3 -

attending, without charge, a bar-related event if the value of attending that event exceeds $100, we encourage all judges to continue to attend, whenever possible, these events which allow our judges to meet with members of the Bar.

The amendments to Canon 6A (Compensation for Quasi-Judicial and Extrajudicial Services and Reimbursement of Expenses) clarify that: (a) allowed compensation is reportable income under Canon 6B(1); (b) honoraria and speaking fees may be accepted and are reportable income under Canon 6B(1); and (c) reimbursement of expenses over the actual cost of the expenses incurred also is reportable income under Canon 6B(1). Additionally, Canons 6A and 6B(2) (Public Financial Reporting; Gifts) and the Commentary to Canon 6 are amended to require that reimbursement for reasonable expenses incurred or the direct payment for a judge's travel, food, lodging, and other expenses in connection with the judge's participation in quasi-judicial and extrajudicial activities permitted by this Code is not a gift, but shall be reported under Canon 6B(2), as amended, if the amount of the reimbursement, payment, or waiver alone or in the aggregate with other reimbursements, payments, or waivers received from the same source in the same calendar year exceeds $100.

Accordingly, we amend the Code of Judicial Conduct, as reflected in the appendix to this opinion. New language is indicated by underscoring and deletions are indicated by struck-through type. The amendments are effective, nunc pro

tunc, January 1, 2017, with the first disclosure reports under the amended canons due on or before July 1, 2018. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[3] The Court specifically requests comments from the Judicial Ethics Advisory Committee, the Conference of District Court of Appeal Judges, the Conference of Circuit Court Judges, and the Conference of County Court Judges.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.
Original Proceeding – The Code of Judicial Conduct

---

3. All comments must be filed with the Court on or before July 17, 2017, with a separate request for oral argument if the person filing the comment wishes to participate in oral argument which may be scheduled in this case. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Comments filed via the Portal must be submitted in Microsoft Word 97 or higher. See In re Electronic Filing in the Florida Supreme Court, Fla. Admin. Order No. AOSC17-27 (May 9, 2017). Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

## CANON 5. A Judge Shall Regulate Extrajudicial Activities to Minimize the Risk of Conflict with Judicial Duties

**A. – C.** **[No Change]**

**D.** **Financial Activities.**

(1) – (4) [No Change]

(5) A judge shall not accept, and shall urge members of the judge's family residing in the judge's household not to accept, a gift, bequest, favor or loan from anyone except for:

(a) a gift incident to a public testimonial, books, tapes and other resource materials supplied by publishers on a complimentary basis for official use, or an invitation to the judge and the judge's spouse or guest to attend a bar-related function or an activity devoted to the improvement of the law, the legal system, or the administration of justice, including attending, without charge, a bar-related lunch, dinner, or social event; and if the value of attending an individual function or event exceeds $100, the judge shall report it under Canon 6B(2);

(b) a gift, award or benefit incident to the business, profession or other separate activity of a spouse or other family member of a judge residing in the judge's household, including gifts, awards and benefits for the use of both the spouse or other family member and the judge (as spouse or family member), provided the gift, award or benefit could not reasonably be perceived as intended to influence the judge in the performance of judicial duties;

(c) ordinary social hospitality;

(d) a gift from a relative or friend, for a special occasion, such as a wedding, anniversary or birthday, if the gift is fairly commensurate with the occasion and the relationship;

(e) a gift, bequest, favor or loan from a relative or close personal friend whose appearance or interest in a case would in any event require disqualification under Canon 3E;

(f) a loan from a lending institution in its regular course of business on the same terms generally available to persons who are not judges;

(g)     a scholarship or fellowship awarded on the same terms and based on the same criteria applied to other applicants; or

(h)     any other gift, bequest, favor or loan, only if: the donor is not a party or other person who has come or is likely to come or whose interests have come or are likely to come before the judge; and, if its value, or the aggregate value in a calendar year of such gifts, bequests, favors, or loans from a single source, exceeds $100.00, the judge reports it in the same manner as the judge reports gifts under Canon 6B(2).

**E. – G.**       **[No Change]**

## COMMENTARY

**Canons 5A. – 5D(5). [No Change]**

**Canon 5D(5)(a).** Acceptance of an invitation to a law-related function is governed by Canon 5D(5)(a); acceptance of an invitation paid for by an individual lawyer or group of lawyers is governed by Canon 5D(5)(h).

The attendance, without charge, of a bar-related lunch, dinner, or social event such as a reception or Law Day event does not have to be reported under Canon 6B(2), as long as the actual value of attending the individual function or event does not exceed $100, despite the fact that the aggregate value of attending such functions or events given by the same bar association or other entity in the same calendar year exceeds $100. This differs from Rule 3.15 of the American Bar Association Model Code of Judicial Conduct (2011), which requires the reporting of such attendance if the value of attending such functions or events alone or in the aggregate from the same source in the same calendar year exceeds a specified amount.

A judge may accept a public testimonial or a gift incident thereto only if the donor organization is not an organization whose members comprise or frequently represent the same side in litigation, and the testimonial and gift are otherwise in compliance with other provisions of this Code. See Canons 5A(1) and 2B.

**Canons 5D(5)(d) – 5G. [No Change]**

**CANON 6. Fiscal Matters of a Judge Shall be Conducted in a Manner That Does Not Give the Appearance of Influence or Impropriety; a Judge Shall Regularly File Public Reports as Required by Article II, Section 8, of the Constitution of Florida, and Shall Publicly Report Gifts, Expense Reimbursements and Payments, and Waivers of Fees or Charges; Additional Financial Information Shall be Filed With the Judicial Qualifications Commission to Ensure Full Financial Disclosure**

**A.     Compensation for Quasi-Judicial and Extrajudicial Services, and Reimbursement or Payment of Expenses, and Waiver of Fees or Charges.**

A judge may receiveaccept compensation, and reimbursement, or direct payment of expenses, and a waiver or partial waiver of fees or charges for registration, tuition, and similar items for the associated with the judge's participation in quasi-judicial and extrajudicial activities permitted by this Code, if the source of such payments, or waiver does not give the appearance of influencing the judge in the performance of judicial duties or otherwise give the appearance of impropriety, subject to the following restrictions:

(1)     Compensation. Compensation shall not exceed a reasonable amount nor shall it exceed what a person who is not a judge would receive for the same activity. Compensation is reportable as income under Canon 6B(1).

(2)     Honoraria and Speaking Fees.  A judge may accept honoraria and speaking fees that are reasonable and commensurate with the task performed. Honoraria and speaking fees are reportable as income under Canon 6B(1).

(3)     Reimbursement or Payment of Expenses, and Waiver of Fees or Charges Reimbursement.  Expense reimbursement shall be limited to the actual cost of travel, food, and lodging reasonably incurred by the judge and, where appropriate to the occasion, to the judge's spouse. Any payment in excess of such an amount is compensation and is reportable as income under Canon 6B(1). Reimbursement or direct payment of expenses, and waiver or partial waiver of fees or charges for the judge or the judge's spouse or guest, the amount of which alone or in the aggregate with other reimbursements, payments, or waivers received from the same source in the same calendar year exceeds $100, shall be reported under Canon 6B(2).

**B.     Public Financial Reporting.**

(1)     Income and Assets. A judge shall file such public report as may be required by law for all public officials to comply fully with the provisions of Article II, Section 8, of the Constitution of Florida. The form for public financial disclosure shall be that recommended or adopted by the Florida Commission on Ethics for use by all public officials. The form shall be filed with the Florida Commission on Ethics on the date prescribed by law, and a copy shall be filed simultaneously with the Judicial Qualifications Commission.

(2)     Gifts, Reimbursements or Payments of Expenses, and Waivers of Fees or Charges. A judge shall file a public report of all gifts ~~which are~~ required to be disclosed under Canons 5D(5)(a) and 5D(5)(h) of the Code of Judicial Conduct, and of all reimbursements or direct payments of expenses, and waivers of fees or charges required to be disclosed under Canon 6A(3). The report of the gifts, expense reimbursements or direct payments, and waivers received in the preceding calendar year shall be filed with the Florida Commission on Ethics on or before July 1 of each year. Disclosure shall be made using Form 6A in the commentary below. A copy shall be filed simultaneously with the Judicial Qualifications Commission.

(3)     [No Change]

**C. – D.**     [No Change]

## COMMENTARY

**Canon 6A.** See Section 5D(5)(a)–(h) regarding reporting of gifts, bequests and loans.

The Code does not prohibit a judge from accepting honoraria or speaking fees provided that the compensation is reasonable and commensurate with the task performed. A judge should ensure, however, that no conflicts are created by the arrangement. Judges must not appear to trade on the judicial position for personal advantage. Nor should a judge spend significant time away from court duties to meet speaking or writing commitments for compensation. In addition, the source of the payment must not raise any question of undue influence or the judge's ability or willingness to be impartial.

The reporting requirement for expense reimbursements and payments, and waivers of fees or charges is similar to the reporting requirement for expense reimbursements and waivers in Rule 3.15(A)(3) of the American Bar Association

Model Code of Judicial Conduct (2011), in that reimbursements, payments, and waivers must be reported if the amount of reimbursement, payment, or waiver, alone or in the aggregate with other reimbursements, payments, or waivers received from the same source in the same calendar year, exceeds the specified amount of $100. However, unlike the model rule, the amount of a reportable reimbursement, payment, or waiver does not have to be reported on Form 6A, but the dates, location, and purpose of the event or activity for which expenses, fees, or charges were reimbursed, paid, or waived must be reported.

**Canons 6B and 6C.** Subparagraph A prescribes guidelines for additional compensation, ~~and the~~ reimbursements, or direct payments of expenses, ~~funds~~and waivers of fees or charges ~~received~~accepted by a judge.

Subparagraphs B and C prescribe the three types of financial disclosure reports required of each judicial officer. The filing of the disclosure reports required under Canon 6B is the only public disclosure of financial interests, compensation, gifts, expense reimbursements, or other benefits that a judge is required to make under this Code or the Florida Constitution. By filing the required disclosure reports, a judge fulfills all the expectations of conduct, and ethical and constitutional requirements related to such disclosure.

The first disclosure report is the Ethics Commission's constitutionally required form pursuant to Article II, Section 8, of the Constitution. It must be filed each year as prescribed by law. The financial reporting period is for the previous calendar year. A final disclosure statement generally is required when a judge leaves office. The filing of the income tax return is a permissible alternative.

The second is a report of gifts, reimbursements or direct payments of expenses, and waivers of fees or charges ~~received~~accepted during the preceding calendar year to be filed publicly with the Florida Commission on Ethics. The gifts to be reported are in accordance with Canons 5D(5)(a) and 5D(5)(h). The expense reimbursements and payments, and waivers to be reported are in accordance with Canon 6A(3). This reporting is in lieu of that prescribed by statute as stated in the Supreme Court's opinion rendered in *In re Code of Judicial Conduct*, 281 So. 2d 21 (Fla. 1973). The form for this report is as follows:

**Form 6A. <u>Disclosure of Gifts, Expense Reimbursements or Payments, and Waivers of Fees and Charges</u> ~~Disclosure~~**

All judicial officers must file with the Florida Commission on Ethics a list of all <u>reportable gifts, reimbursements or direct payments of expenses, and waivers of fees or charges</u> ~~received~~<u>accepted</u> during the preceding calendar year ~~of a value in excess of $100.00~~ as provided in Canon<u>s</u> 5D(5)<u>(a) and 5D(5)(h)</u>, ~~and~~ Canon <u>6A(3), and Canon</u> 6B(2) of the Code of Judicial Conduct, <u>by date received, description (including dates, location, and purpose of event or activity for which expenses, fees, or charges were reimbursed, paid, or waived), source's name, and amount for gifts only</u>.

Name: _____

<u>Work </u>Telephone: _____

<u>Work </u>Address: _____

~~Position~~<u>Judicial Office</u> Held: _____

<u>1.</u> Please identify all <u>reportable </u>gifts<u>, bequests, favors, or loans</u> you received during the preceding calendar year ~~of a value in excess $100.00~~, as required by Canon<u>s</u> 5D(5)<u>(a), </u>5D(5)<u>(h),</u> and ~~Canon~~ 6B(2) of the Code of Judicial Conduct.

_____
_____
_____
_____
_____
_____

| DATE | DESCRIPTION | SOURCE | AMOUNT |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

□ Check here if continued on separate sheet

2.  Please identify all reportable reimbursements or direct payments of expenses, and waivers of fees or charges you received during the preceding calendar year, as required by Canons 6A(3) and 6B(2) of the Code of Judicial Conduct.

| DATE | DESCRIPTION<br>(Include dates, location, and purpose of event or activity for which expenses, fees, or charges were reimbursed, paid, or waived) | SOURCE |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

□ Check here if continued on separate sheet

**OATH**

State of Florida

County of _____

I, _____, the public official filing this disclosure statement, being first duly sworn, do depose on oath and say that the facts set forth in the above statement are true, correct, and complete to the best of my knowledge and belief.

_____
(Signature of Reporting Official)

_____
(Signature of Officer Authorized to Administer Oaths)

My Commission expires _____

Sworn to and subscribed before me this

_____ day of _____, 20_____

- 12 -

# COMMENTARY

The third financial disclosure report is prescribed in subparagraph C. This provision ensures that there will be complete financial information for all judicial officers available with the Judicial Qualifications Commission by requiring that full disclosure be filed confidentially with the Judicial Qualifications Commission in the event the limited disclosure alternative is selected under the provisions of Article II, Section 8.

The amendment to this Canon requires in 6B(2) a separate gift report to be filed with the Florida Commission on Ethics on or before July 1 of each year. The form to be used for that report is included in the commentary to Canon 6. It should be noted that Canon 5, as it presently exists, restricts and prohibits the ~~receipt~~acceptance of certain gifts. This provision is not applicable to other public officials.

With reference to financial disclosure, if the judge chooses the limited disclosure alternative available under the provision of Article II, Section 8, of the Constitution of Florida, without the inclusion of the judge's Federal Income Tax Return, then the judge must file with the Commission a list of the names of corporations or other business entities in which the judge has a financial interest even though the amount is less than $1,000. This information remains confidential until a request is made by a party to a cause before the judge. This latter provision continues to ensure that complete financial information for all judicial officers is available with the Judicial Qualifications Commission and that parties who are concerned about a judge's possible financial interest have a means of obtaining that information as it pertains to a particular cause before the judge.

**Canon 6D. [No Change]**