# Supreme Court of Florida

———————

No. SC18-648

———————

**IN RE: AMENDMENTS TO CANON 6
OF THE CODE OF JUDICIAL CONDUCT.**

[May 10, 2018]

PER CURIAM.

The Court, on its own motion, amends the Code of Judicial Conduct (Code) to clarify the Canon 6A(3) public reporting requirement for the reimbursement or direct payment of expenses, and waiver of fees or charges associated with a judge's participation in quasi-judicial and extrajudicial activities permitted by the Code.[1]

In a recent advisory opinion, the Judicial Ethics Advisory Committee (JEAC) concluded that Canon 6A(3) requires a judge who attends a quasi-judicial activity, like one of the annual, statewide conferences of judges, to report the reimbursement or direct payment of the judge's travel expenses by the State of

———————

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

Florida, if the reimbursement or payment exceeds $100 individually or combined with other such reimbursements or direct payments in the same calendar year. *See* Fla. JEAC Op. 2018–7, at 4-5. In the same advisory opinion, the JEAC advised that Canon 6A(3) requires a judge, who is designated by a conference of judges to travel to Tallahassee concerning legislative matters, to report the reimbursement and direct payment of the judge's travel expenses, if they exceed $100 from the same source in the same calendar year. *Id.* at 5.

In 2017, when the Court amended Canon 6 to require a judge to report the reimbursement or direct payment of expenses, and the waiver of fees or charges associated with the judge's participation in quasi-judicial and extrajudicial activities permitted by the Code,[2] the Court did not intend to require the reporting of the reimbursement or direct payment of expenses by the State or a judicial branch entity, such as one of conferences of judges recognized by this Court in

---

2. In *In re Amendments to the Code of Judicial Conduct*, 218 So. 3d 432, 436-39 (Fla. 2017), the Court amended Canons 6A(3) (retitled "Reimbursement or Payment of Expenses, and Waiver of Fees or Charges") and 6B(2) (retitled "Gifts, Reimbursements or Payments of Expenses, and Waivers of Fees or Charges"), and Form 6A (retitled "Disclosure of Gifts, Expense Reimbursements or Payments, and Waivers of Fees and Charges") to require a judge to report the reimbursement or direct payment of expenses, and the waiver of fees or charges associated with the judge's participation in quasi-judicial and extrajudicial activities permitted by the Code, when the amount of the reimbursement, payment, or waiver alone or in the aggregate with other reimbursements, payments, or waivers received from the same source in the same calendar year exceeds $100.

Florida Rule of Judicial Administration 2.220 (Conferences of Judges).  There is no need for such public reporting because in order for the State or a judicial branch entity to reimburse or pay the reasonable expenses associated with a judge's participation in a permitted quasi-judicial activity, the judge's participation in the event or activity must be among the responsibilities of that judicial office and promote the official business of the court system or the specific judicial branch entity.  And, therefore, the reimbursement or payment of such expenses would be a public record under Florida Rule of Judicial Administration 2.420.

Therefore, we amend Canon 6A(3) and Form 6A to clarify that a judge must only report expense reimbursements and direct payments, and waivers of fees or charges, as required by Canons 6A(3) and 6B(2), when the reimbursement, payment, or waiver is from a source other than the State or a judicial branch entity, as defined in Florida Rule of Judicial Administration 2.420(b)(2).[3]  We also amend the Commentary to Canon 6A to explain that the Canon 6A(3) reporting requirement is similar to the reporting requirement in Rule 3.15(A)(3) of the American Bar Association Model Code of Judicial Conduct (2011), which requires

---

3.  Under rule 2.420(b)(2), the judicial branch of government "includes the state courts system, the clerk of court when acting as an arm of the court, The Florida Bar, the Florida Board of Bar Examiners, the Judicial Qualifications Commission, and all other entities established by or operating under the authority of the supreme court or the chief justice."

a judge to report expense reimbursements and fee waivers associated with the judge's participation in permitted extrajudicial activities, from sources other than the judge's employing entity, when the amount received from same source in the same calendar year exceeds a specified amount. We further amend the Commentary to Canon 6A to emphasize that a judge does not have to report the amount of the reimbursement, payment, or waiver on Form 6A; only the dates, location, and purpose of the event or activity for which expenses were reimbursed or paid or fees were waived must be reported.

Accordingly, we amend the Code of Judicial Conduct, as reflected in the appendix to this opinion. New language is indicated by underscoring and deletions are indicated by struck-through type. The amendments are effective immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[4] The Court

_____

4. All comments must be filed with the Court on or before July 9, 2018, with a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with *In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal*, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Comments filed via the Portal must be submitted in Microsoft Word 97 or higher. *See In re Electronic Filing in the Florida Supreme Court*, Fla. Admin. Order No. AOSC17-27 (May 9,

encourages the Judicial Ethics Advisory Committee, the Conference of District

Court of Appeal Judges, the Conference of Circuit Court Judges, and the

Conference of County Court Judges to comment on the amendments.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – The Code of Judicial Conduct

---

2017).  Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

**Canon 6. Fiscal Matters of a Judge Shall be Conducted in a Manner That Does Not Give the Appearance of Influence or Impropriety; a Judge Shall Regularly File Public Reports as Required by Article II, Section 8, of the Constitution of Florida, and Shall Publicly Report Gifts, Expense Reimbursements and Payments, and Waivers of Fees or Charges; Additional Financial Information Shall be Filed With the Judicial Qualifications Commission to Ensure Full Financial Disclosure**

**A.      Compensation for Quasi-Judicial and Extrajudicial Services, Reimbursement or Payment of Expenses, and Waiver of Fees or Charges.**

A judge may accept compensation, reimbursement, or direct payment of expenses, and a waiver or partial waiver of fees or charges for registration, tuition, and similar items associated with the judge's participation in quasi-judicial and extrajudicial activities permitted by this Code, if the source of such payments, or waiver does not give the appearance of influencing the judge in the performance of judicial duties or otherwise give the appearance of impropriety, subject to the following restrictions:

(1)      Compensation. Compensation shall not exceed a reasonable amount nor shall it exceed what a person who is not a judge would receive for the same activity. Compensation is reportable as income under Canon 6B(1).

(2)      Honoraria and Speaking Fees. A judge may accept honoraria and speaking fees that are reasonable and commensurate with the task performed. Honoraria and speaking fees are reportable as income under Canon 6B(1).

(3)      Reimbursement or Payment of Expenses, and Waiver of Fees or Charges. Expense reimbursement shall be limited to the actual cost of travel, food, and lodging reasonably incurred by the judge and, where appropriate to the occasion, to the judge's spouse. Any payment in excess of such an amount is compensation and is reportable as income under Canon 6B(1). Reimbursement or direct payment of expenses, and waiver or partial waiver of fees or charges for the judge or the judge's spouse or guest, <u>from sources other than the state or a judicial branch entity as defined in Florida Rule of Judicial Administration 2.420(b)(2),</u> the amount of which alone or in the aggregate with other reimbursements, payments, or waivers received from the same source in the same calendar year exceeds $100, shall be reported under Canon 6B(2).

**B. – D.**        [No Change]

## COMMENTARY

**Canon 6A.** See Section 5D(5)(a)-(h) regarding reporting of gifts, bequests and loans.

The Code does not prohibit a judge from accepting honoraria or speaking fees provided that the compensation is reasonable and commensurate with the task performed. A judge should ensure, however, that no conflicts are created by the arrangement. Judges must not appear to trade on the judicial position for personal advantage. Nor should a judge spend significant time away from court duties to meet speaking or writing commitments for compensation. In addition, the source of the payment must not raise any question of undue influence or the judge's ability or willingness to be impartial.

Canon 6A(3) requires a judge to report expense reimbursements or payments, and fee waivers from sources other than the state or a judicial branch entity, when the amount received alone or combined with other reimbursements, payments, or waivers received from the same source in the same calendar year exceeds $100. *Cf.* Model Code of Jud. Conduct rs. 3.14(A), 3.15(A)(3) (Am. Bar Ass'n 2011) (requiring the reporting of expense reimbursements and fee waivers from "sources other than the judge's employing entity," when the individual or combined amount received from the same source in a calendar year exceeds a specified amount). The Canon 6A(3) reporting requirement ~~for expense reimbursements and payments, and waivers of fees or charges~~ is similar to the reporting requirement for expense reimbursements and waivers in Rule 3.15(A)(3) of the American Bar Association Model Code of Judicial Conduct (2011), in that reimbursements, payments, and waivers must be reported if the amount of reimbursement, payment, or waiver, alone or in the aggregate with other reimbursements, payments, or waivers received from the same source in the same calendar year, exceeds the specified amount of $100. However, unlike the model rule, the amount of a reportable reimbursement, payment, or waiver does not have to be reported on Form 6A~~, but~~. Unlike gifts, the amount of which must be reported on that form, only the dates, location, and purpose of the event or activity for which expenses, fees, or charges were reimbursed, paid, or waived must be reported.

**Canons 6B and 6C.** Subparagraph A prescribes guidelines for additional compensation, reimbursements, or direct payments of expenses, and waivers of fees or charges accepted by a judge.

Subparagraphs B and C prescribe the three types of financial disclosure reports required of each judicial officer. The filing of the disclosure reports required under Canon 6B is the only public disclosure of financial interests, compensation, gifts, expense reimbursements, or other benefits that a judge is required to make under this Code or the Florida Constitution. By filing the required disclosure reports, a judge fulfills all the expectations of conduct, and ethical and constitutional requirements related to such disclosure.

The first disclosure report is the Ethics Commission's constitutionally required form pursuant to Article II, Section 8, of the Constitution. It must be filed each year as prescribed by law. The financial reporting period is for the previous calendar year. A final disclosure statement generally is required when a judge leaves office. The filing of the income tax return is a permissible alternative.

The second is a report of gifts, reimbursements or direct payments of expenses, and waivers of fees or charges accepted during the preceding calendar year to be filed publicly with the Florida Commission on Ethics. The gifts to be reported are in accordance with Canons 5D(5)(a) and 5D(5)(h). The expense reimbursements and payments, and waivers to be reported are in accordance with Canon 6A(3). This reporting is in lieu of that prescribed by statute as stated in the Supreme Court's opinion rendered in *In re Code of Judicial Conduct*, 281 So. 2d 21 (Fla. 1973). The form for this report is as follows:

### Form 6A. Disclosure of Gifts, Expense Reimbursements or Payments, and Waivers of Fees and Charges

All judicial officers must file with the Florida Commission on Ethics a list of all reportable gifts accepted, and reimbursements or direct payments of expenses, and waivers of fees or charges accepted from sources other than the state or a judicial branch entity as defined in Florida Rule of Judicial Administration 2.420(b)(2), during the preceding calendar year as provided in Canons 5D(5)(a) and 5D(5)(h), Canon 6A(3), and Canon 6B(2) of the Code of Judicial Conduct, by date received, description (including dates, location, and purpose of event or activity for which expenses, fees, or charges were reimbursed, paid, or waived), source's name, and amount for gifts only.

Name: _____

Work Telephone: _____

Work Address: _____

Judicial Office Held: _____

1. Please identify all reportable gifts, bequests, favors, or loans you received during the preceding calendar year, as required by Canons 5D(5)(a), 5D(5)(h), and 6B(2) of the Code of Judicial Conduct.

| DATE | DESCRIPTION | SOURCE | AMOUNT |
|------|-------------|--------|--------|
|      |             |        |        |
|      |             |        |        |
|      |             |        |        |
|      |             |        |        |

   ☐ Check here if continued on separate sheet

2. Please identify all reportable reimbursements or direct payments of expenses, and waivers of fees or charges you received during the preceding calendar year, as required by Canons 6A(3) and 6B(2) of the Code of Judicial Conduct.

| DATE | DESCRIPTION (Include dates, location, and purpose of event or activity for which expenses, fees, or charges were reimbursed, paid, or waived) | SOURCE |
|------|------|------|
|      |      |      |
|      |      |      |
|      |      |      |
|      |      |      |

   ☐ Check here if continued on separate sheet

# OATH

State of Florida

County of _____

I, _____, the public official filing this disclosure statement, being first duly sworn, do depose on oath and say that the facts set forth in the above statement are true, correct, and complete to the best of my knowledge and belief.

_____
(Signature of Reporting Official)

_____
(Signature of Officer Authorized to Administer Oaths)

My Commission expires _____

Sworn to and subscribed before me this

_____ day of _____, 20_____

# COMMENTARY

The third financial disclosure report is prescribed in subparagraph C. This provision ensures that there will be complete financial information for all judicial officers available with the Judicial Qualifications Commission by requiring that full disclosure be filed confidentially with the Judicial Qualifications Commission in the event the limited disclosure alternative is selected under the provisions of Article II, Section 8.

The amendment to this Canon requires in 6B(2) a separate gift report to be filed with the Florida Commission on Ethics on or before July 1 of each year. The form to be used for that report is included in the commentary to Canon 6. It should be noted that Canon 5, as it presently exists, restricts and prohibits the acceptance of certain gifts. This provision is not applicable to other public officials.

With reference to financial disclosure, if the judge chooses the limited disclosure alternative available under the provision of Article II, Section 8, of the

Constitution of Florida, without the inclusion of the judge's Federal Income Tax Return, then the judge must file with the Commission a list of the names of corporations or other business entities in which the judge has a financial interest even though the amount is less than $1,000. This information remains confidential until a request is made by a party to a cause before the judge. This latter provision continues to ensure that complete financial information for all judicial officers is available with the Judicial Qualifications Commission and that parties who are concerned about a judge's possible financial interest have a means of obtaining that information as it pertains to a particular cause before the judge.

**Canon 6D. [No Change]**