PER CURIAM.
The amendment to Canon 7 C of the Code of Judicial Conduct herein adopted, relating to Code restrictions applicable to retired judges, has been submitted to and approved by the Committee on Standards of Judicial Conduct and the Board of Governors of the Florida Bar.
The applicability of Canon 7 C, as it was structured,[1] required retired judges who *421 had been recalled to judicial service to comply with all the provisions of the Code except Canons 5 D, 5 G, and 6 if they were eligible to receive one hundred percent of the compensation paid to full-time judges. There was a question of what portion of the Code was applicable in view of our varying formula for the payment of retired judges when called to service. The amendment is written to eliminate any question of the applicability of the Code of Judicial Conduct and to better utilize available retired judicial manpower of those judges who are presently reluctant to serve because of extra-judicial interests other than the private practice of law. Canon 7 C, as it read, could have been construed to prohibit a retired judge who was eligible to serve from being involved in commercial business interests or from serving in the capacity of an arbitrator or as an executor or administrator of an estate even though there was no possibility that these extra-judicial activities would reflect adversely on the judge’s impartiality in his assigned cases. This has an inhibiting effect upon use of retired judges because the Chief Justice is unable to assure retired judges that they will receive assignments which will provide a certain amount of annual income to offset loss of extra-judicial business income.
In order to avoid the construction problems inherent in former Canon 7 C, and to better utilize the manpower of retired judges eligible for recall to judicial service, the following amendment to Canon 7 C is hereby adopted, effective immediately:
C. Retired Judge. A judge who has retired from judicial service and who has complied with the procedures established by the Supreme Court of Florida so as to be eligible for recall to judicial service should comply with all the provisions of this Code except Canons 5C(l)-{7), 5D, 5E, 5G, and 6. A retired judge who is subject to recall shall not practice law and shall refrain from accepting any assignment in any cause in which his present financial business dealings, investments, or other extra-judicial activities might be directly or indirectly affected. The purpose of this admonition is to ensure that his impartiality is not subject to question.
If a retired justice or judge does not desire to be assigned to judicial service, such justice or judge who is a member of The Florida Bar may engage in the practice of law and still be entitled to receive his retirement compensation. He shall then be entitled to all the rights of an attorney-at-law and no longer be subject to this Code.
It is so ordered.
OVERTON, C. J., and ADKINS, BOYD, ENGLAND, SUNDBERG, HATCHETT and KARL, JJ., concur.

. The present Canon 7 C reads as follows:
C. Retired Judge. A retired .judge who receives the same compensation as a full-time judge on the court from which he retired and is eligible for recall to judicial service should comply with all the provisions of this Code except Canons 5D, G, and 6, but he should refrain from judicial service during the period of an extra-judicial appointment not sanctioned by Canon 5G. All other retired judges eligible *421 for recall to judicial service should comply with the provisions of this Code governing part-time judges.
If a retired justice or judge shall file with the Clerk of the Supreme Court a statement that he does not desire to be assigned to judicial service, such justice or judge who is a member of The Florida Bar may engage in the practice of law and still be entitled to receive his retirement compensation. He shall then be entitled to all the rights of an attorney-at-law and no longer be subject to this Code.