PER CURIAM.
The Florida Bar has petitioned the Court to amend Canon 7B(3) and the commentary to 7B of the Code of Judicial Conduct. The Florida Bar News has published the proposal and the Court has received no adverse comments from interested parties. The proposed amendment to the Code of Judicial Conduct is as follows:
Canon 7B(3)
Code of Judicial Conduct
(3) An incumbent judge who is a candidate for retention in office or re-election to office without a competing candidate, and whoso candidacy-has drawn active opposition may.campaign in response thereto and may obtain publicly stated support and campaign funds in the ■manner provided in subsection B(-2)r may conduct only limited campaign activities until such time as the judge certifies that his candidacy has drawn active opposition. Limited campaign activities shall *509 include only the conduct authorized bv subsection B(21. interviews with reporters and editors of the print, audio and visual media, and appearances and speaking engagements before public gatherings and organizations other than political parties. Upon mailing a certificate in writing to the Secretary of State. Division of Elections. with a cony to the Judicial Qualifications Commission, that his candidacy has drawn active opposition, and specifying the nature thereof, a judge mav thereafter campaign in any manner authorized bv law, subject to the restrictions of subsection Bill
Canon 7B
Code of Judicial Conduct
Commentary
Active opposition is difficult to define but is intended to include any form of organized public opposition or an unfavorable vote on a bar poll. Any political activity engaged in by members of a judge’s family should be conducted in the name of the individual family member, entirely independent of the judge and without reference to the judge or to his office.
This proposed amendment is the work product of a special commission established by the Florida Bar at the request of the Chief Justice to resolve the practical problems in our merit retention election system for appellate judges as well as for the election process of trial judges who have no known opposition. The commission was composed not only of lawyers and judges but representatives of the media and the League of Women Voters.
The existing canon placed an absolute ban on campaign activity of a judicial officer in the absence of any organized opposition. This had the effect of prohibiting any type of travel or appearances before media boards or other groups or entities who would endorse or oppose judicial candidates. It resulted in restricting the public knowledge concerning the merit retention candidates and the judicial election process.
The new proposed canon eliminates the absolute ban on campaign activities and establishes a two-tier system. It allows an incumbent judge with no known opposition to engage in limited campaign activities such as interviews with the media and appearances and speaking engagements before public gatherings and organizations other than political parties. If the judge’s candidacy draws active opposition, he or she then may engage in a full range of campaign activities in the manner presently prescribed by the canons.
We agree with the proposed change and believe it improves and fine-tunes our judicial retention and election process. Canon 7B(3) of the Code of Judicial Conduct is hereby amended in accordance with the proposal submitted, effective immediately.
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD, OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.