ORDER
This cause is before this Court on a petition for prohibition brought by the Judicial Qualifications Commission (Commission) to prohibit a circuit court action. The Commission brought a disciplinary proceeding charging a judge with writing letters to newspapers endorsing a judicial officer in the November 1990 general election, in violation of canons 1, 2, and'7 A(l)(b), of the Code of Judicial Conduct. The respondent judge in those proceedings then brought a declaratory judgment and injunctive action in the Circuit Court of the Fifteenth Judicial Circuit against the Commission, seeking to enjoin its action. The respondent argued that canon 7 A(l)(b) of the Code of Judicial Conduct, which provides that a judge should not “publicly endorse a candidate for public office,” is unconstitutional and violates the First Amendment. This is the action sought to be prohibited by the Commission.
The Code of Judicial Conduct of this state was adopted by this Court in In re The Florida Bar-Code of Judicial Conduct, 281 So.2d 21 (Fla.1973), and modified in subsequent decisions.[1] This Court has exclusive original jurisdiction to eliminate, change, or modify these provisions. See In re Petition of Post-Newsweek Stations, Florida, Inc., 370 So.2d 764 (Fla.1979). Furthermore, the courts of this state are bound to follow the decisions and rules of this Court, and only this Court can void or modify a rule it has adopted. See State v. Lott, 286 So.2d 565 (Fla.1973).
Under article V, section 2(a), of the Florida Constitution, this Court has the responsibility to “transfer to the court having jurisdiction of any proceeding when the jurisdiction of another court has been improvidently invoked.” The basis of the circuit court action underlying this petition for prohibition is the constitutionality of provisions of the Code of Judicial Conduct.
Given the above circumstances, and in accordance with the provisions of article V, section 2, we transfer Case No. CL 91 9766, from the Circuit Court, Fifteenth Judicial Circuit, Palm Beach County, Florida, to this Court and treat it as a petition to declare unconstitutional the subject provisions of the Code of Judicial Conduct. Accordingly, we direct that the plaintiffs, Hugh Glick-stein and American Civil Liberties Union of Florida, Inc., file a brief on or before April 7, 1992; that the deijendants, Joseph J. Reiter, J. Klein Wigginton, Thomas H. Barkdull, Jr., Sybil H. Barnes, Miette K. Burnstein, Harry Lee Coe, Jr., Seth Dennis, Thomas B. Freeman, Marvin H. Gillman, Frank N. Kaney, Rutledge R. Liles, Nancy N. Mahon, and Stanley G. Tate, individually and as members of the Judicial Qualifications Commission of the State of Florida, file a brief on or before April 22,1992; that the plaintiffs file a reply brief on or before April 29, 1992; and that this cause be set for oral argument on May 6, 1992, 9 A.M. If any issues remain after this Court determines the constitutionality issue, those matters will be remanded to the appropriate tribunal for resolution.
With regard to the petition for prohibition, we find no further action is necessary since the offending action has been transferred to this Court for consideration as outlined above.
It is so ordered.

. These decisions are The Fla. Bar, Code of Judicial Conduct, Status of Judges’ Spouses, 336 So.2d 584 (Fla.1976); In re Canon 7C, Code of Judicial Conduct, 347 So.2d 420 (Fla.1977); In re Code of Judicial Conduct (Financial Disclosure), 348 So.2d 891 (Fla.1977); Code of Judicial Conduct, 367 So.2d 221 (Fla.1979); In re Petition of Post-Newsweek Stations, Fla., Inc., 370 So.2d 764 (Fla.1979); The Fla. Bar, Petition to Amend the Code of Judicial Conduct, 414 So.2d 508 (Fla.1982); and In re Code of Judicial Conduct, Canon 6C(1), 506 So.2d 1039 (Fla.1987).