# Supreme Court of Florida

_____

No. SC2024-0660
_____

**ERNEST D. SUGGS,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

_____

No. SC2024-0702
_____

**ERNEST D. SUGGS,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

September 4, 2025

GROSSHANS, J.

Ernest D. Suggs, a prisoner under sentence of death, appeals

the circuit court's orders summarily denying his third and fourth

successive motions for postconviction relief, filed under rule 3.851 of the Florida Rules of Criminal Procedure.[1]  We affirm.

I

In 1990, Suggs kidnapped Pauline Casey from the Teddy Bear Bar, stabbed her repeatedly, and abandoned her body alongside a dirt road.  *Suggs v. State* (*Suggs I*), 644 So. 2d 64, 65-66 (Fla. 1994). He also robbed the bar.  *Id.*

For these crimes, Suggs was charged with first-degree murder, kidnapping, and robbery.  *Id.* at 66.  After trial, the jury found him guilty of all three offenses.  *Id.*  At the penalty phase, the jury recommended a sentence of death by a seven-to-five vote.  *Id.*  The trial court imposed the death sentence, finding that seven aggravators outweighed three nonstatutory mitigators.  *Id.*  We affirmed Suggs' convictions and sentences.  *Id.* at 70.

In the thirty years since, Suggs has brought numerous postconviction challenges and habeas petitions, all without success. *See Suggs v. State* (*Suggs II*), 923 So. 2d 419 (Fla. 2005) (affirming denial of initial postconviction motion and denying habeas petition);

---

1.  We have jurisdiction.  *See* art. V, § 3(b)(1), Fla. Const.

*Suggs v. Jones*, No. SC16-1066, 2017 WL 1033680 (Fla. Mar. 17, 2017) (denying petition for writ of habeas corpus); *Suggs v. State* (*Suggs III*), 238 So. 3d 699 (Fla. 2017) (affirming denial of first successive postconviction motion), *cert. denied*, 586 U.S. 921 (2018); *Suggs v. State* (*Suggs IV*), 234 So. 3d 546 (Fla.), (affirming denial of second successive postconviction motion), *cert. denied,* 586 U.S. 846 (2018).

Suggs has now filed his third and fourth successive postconviction motions—the denial of which is at issue in this appeal. In these motions, Suggs raised claims under *Jones v. State*, 709 So. 2d 512 (Fla. 1998), *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and *Massiah v. United States*, 377 U.S. 201 (1964), as well as a stand-alone due process claim. The majority of his claims center on six pieces of evidence he alleges are newly discovered, namely: declarations from three individuals that a serial killer confessed to Casey's murder (or to the murder of a woman fitting her description); a trial witness's alleged willingness to recant his testimony; deposition testimony from an unrelated murder case that purportedly demonstrates a pattern of prosecutorial misconduct; and statements from a law enforcement

officer that allegedly indicate the State persuaded witnesses into falsely testifying against Suggs.

In his stand-alone due process claim, Suggs argues that this Court violated his due process rights during an appeal of a prior successive postconviction motion.

The circuit court summarily denied all the claims, finding the confession-related *Jones* and *Brady* claims to be untimely under rule 3.851; the *Jones*, *Brady*, and *Giglio* claims regarding the witness's false testimony at trial were untimely under rule 3.851; and the *Massiah* claim stemming from the trial witness's false testimony was procedurally barred under rule 3.851. The circuit court also denied on the merits the confession-related *Jones* claim, both *Brady* claims, and the *Giglio* and *Massiah* claims. Finally, the circuit court denied the stand-alone due process claim, finding that a postconviction motion was an improper vehicle for challenging this Court's ruling. This appeal follows.

## II

Suggs claims that the circuit court erred in denying his motions for postconviction relief without holding an evidentiary hearing.[2] We disagree.

A summary denial will be affirmed "if the motion is legally insufficient or procedurally barred, or if its allegations are conclusively refuted by the record." *Sparre v. State*, 391 So. 3d 404, 405 (Fla. 2024). Similarly, we will affirm the denial of claims that fail to meet rule 3.851's one-year time limitation. *Hutchinson v. State*, No. SC2025-0517, 50 Fla. L. Weekly S71, S72, 2025 WL 1198037, at *3 (Fla. Apr. 25, 2025), *cert. denied*, 145 S. Ct. 1980 (2025). We note that in some narrow circumstances, rule 3.851 excuses the failure to comply with the one-year limitation. One such circumstance applies when a claim is predicated on newly discovered evidence. *See* Fla. R. Crim. P. 3.851(d)(2)(A). However, "it is incumbent *on the defendant* to demonstrate that his claims could not have been raised in the initial postconviction motion

---

2. We review summary denials of successive postconviction claims de novo. *Owen v. State*, 364 So. 3d 1017, 1022-23 (Fla. 2023).

through the exercise of due diligence." *Rivera v. State*, 187 So. 3d 822, 832 (Fla. 2015).

As we will explain, Suggs cannot show that his claims are based on newly discovered evidence and that his claims were raised within one year of when they could have been ascertained with due diligence.[3] Fla. R. Crim. P. 3.851(d)(2), (e)(2); *see Jimenez v. State*, 997 So. 2d 1056, 1064 (Fla. 2008). Accordingly, Suggs' claims are untimely and procedurally barred. We also reject several of Suggs' claims on the merits.

III

We start with Suggs' *Jones* claims. To receive an evidentiary hearing on newly discovered evidence claims like these, the defendant must allege facts that, if proven, would show two things:

> First, the evidence must not have been known by the trial court, the party, or counsel at the time of trial, and it must appear that the defendant or defense counsel could not have known of it by the use of diligence. Second, the newly discovered evidence must be of such a nature that it would probably produce an acquittal on retrial.

---

3. Suggs' judgment and sentence became final in 1995.

*Rogers v. State*, 327 So. 3d 784, 787 (Fla. 2021) (quoting *Long v. State*, 183 So. 3d 342, 345 (Fla. 2016)). We now turn to the specifics of his *Jones* claims.

A

In his motion below, Suggs proffered declarations from three individuals claiming that a serial killer, Mark Riebe, confessed to Casey's murder. Patsy Wells, Riebe's mother, claimed that Riebe confessed to her on two different occasions that he—and not Suggs—murdered Casey. Randy Sheheane claimed Riebe confessed to killing a woman from the Destin or Santa Rosa Beach area and dumping her body off a dirt road in Walton County. And Randy Ray Chapman declared that Riebe confessed to murdering a bartender in Walton County. None of these declarations indicate when Riebe allegedly confessed. We agree with the circuit court that Suggs cannot prevail on this newly discovered evidence claim.

First, Suggs argues that his *Jones* claim falls within the timeliness exception for newly discovered evidence. But Suggs is wrong.

Suggs could have interviewed Wells and Sheheane decades ago. Wells is the mother of Alex Wells, whom Suggs has accused of

murdering Casey since 1997. *See Suggs II*, 923 So. 2d at 437. And Sheheane testified against Riebe in the 1997 trial for the murder of Donna Callahan. Suggs has long alleged that Callahan's murderer also killed Casey. Suggs should have been aware that both Wells, as the mother of Alex Wells and Mark Riebe, and Sheheane, as a witness against Riebe in the Callahan case, may have had evidence connecting Riebe to the Casey murder. Suggs fails to explain why he waited nearly twenty years to interview them both.

Suggs also fails to provide any information regarding when he discovered, or could have discovered, Chapman's information. Nor does Chapman's statement indicate whether Riebe confessed directly to Chapman or if this is information obtained from another source.

Thus, as the circuit court properly found, Suggs failed to exercise due diligence in discovering each of these alleged admissions, and his *Jones* claim is untimely.[4] *Jimenez*, 997 So. 2d

---

[4]. To the extent Suggs' *Jones* claim is based on Wells' and Sheheane's declarations, it is also procedurally barred under rule 3.851(e)(1)(E), as he should have been aware of their relevance years earlier and brought this claim in a prior proceeding. *Bogle v. State*, 322 So. 3d 44, 46 (Fla. 2021).

at 1064; *Stein v. State*, 406 So. 3d 171, 174-75 (Fla. 2024), *petition for cert. filed*, No. 25-5191 (U.S. July 24, 2025).

Moreover, even if we assumed Suggs' claim was timely, we would still affirm, as the claim also fails on the merits. This evidence cannot satisfy the second *Jones* prong which requires that the newly discovered evidence be admissible. *See* 709 So. 2d at 521 ("In considering the second prong, the trial court should initially consider whether the evidence would have been admissible at trial . . . ." (citations omitted)). We have assessed all three declarations and conclude that each constitutes inadmissible hearsay. *See* § 90.802, Fla. Stat.[5]

---

5. Suggs claims that Riebe's confessions could be admitted as an unavailable declarant's statement against interest. *See* § 90.804, Fla. Stat. We reject this argument. First, Suggs has not shown that Riebe is unavailable. Second, Suggs offers no corroborating circumstances as required by section 90.804(2)(c).

Suggs also argues that the declarations are admissible pursuant to *Chambers v. Mississippi*, 410 U.S. 284 (1973). He is wrong. *Chambers* found the trial court's application of Mississippi's evidence rules denied the defendant due process. *Id.* at 302-03. But we have noted that *Chambers* only applies to trustworthy evidence. *Jones*, 709 So. 2d at 525. Riebe has confessed and recanted numerous times—his confessions lack any indicia of trustworthiness.

Furthermore, even if admissible, there is no reasonable probability that Riebe's alleged confession would produce an acquittal upon retrial. *Jones*, 709 So. 2d at 521. At trial, the State presented significant physical evidence connecting Suggs to the murder—including Casey's palmprints in Suggs' vehicle, Casey's fingerprints on the outside of Suggs' vehicle, Casey's blood on Suggs' shirt, and tire tracks on the dirt road where Casey's body was found that were consistent with those of Suggs' vehicle. *Suggs I*, 644 So. 2d at 65-66. Law enforcement found keys to the Teddy Bear Bar and a beer glass from that bar near Suggs' home. *Id.* The State also presented testimony that Casey was last seen alive with Suggs. *Id.* Based on our review of this evidence and other trial evidence, we conclude that the alleged confessions of a serial killer—two of which do not identify Casey as the victim—are not likely to produce an acquittal, especially when Riebe's confessions have been deemed unreliable. *See Jones*, 709 So. 2d at 526.

## B

In his second *Jones* claim, Suggs contends that new evidence from two former inmates and a law enforcement officer shows that

- 10 -

the State used false testimony against him at trial. This claim is untimely and procedurally barred.

First, Suggs fails to show that he exercised due diligence to discover this evidence. Suggs alleges that inmate James Taylor is willing to publicly recant his trial testimony. But Taylor's admission that he lied at trial is not new—Suggs has been aware of it since 1996.[6] Taylor's alleged willingness to now publicly recant does not make the evidence of his false testimony "new." *See Dailey v. State*, 329 So. 3d 1280, 1287-88 (Fla. 2021) (previously known evidence does not become newly discovered every time a new detail emerges). Suggs fails to show that he exercised due diligence after discovering Taylor's earlier admissions.[7] *Sparre*, 391 So. 3d at 406; *Jimenez*, 997 So. 2d at 1064.[8]

---

6. In 1996, Taylor informed an investigator that he and Wallace Byars lied during their testimony in Suggs' trial, but Taylor refused to publicly recant or sign an affidavit. *Suggs II*, 923 So. 2d at 426-27.

7. Suggs does not claim he has attempted to compel Taylor's testimony during the past twenty-five years. Moreover, Suggs does not proffer an affidavit or a declaration from Taylor stating that he is willing to publicly recant now.

8. This claim is also procedurally barred because this Court has previously considered and rejected Suggs' claims based on

- 11 -

Suggs next turns to the deposition of Jake Ozio to support his *Jones* claim. Suggs asserts that Ozio's 2021 deposition in an unrelated case shows that the prosecutor and sheriff in the county where Suggs was held regularly pressured inmates into testifying falsely. Therefore, Suggs argues, they also compelled Suggs' fellow inmates Taylor and Wallace Byars to falsely testify against Suggs. We agree with the circuit court that this argument is untimely and meritless.

Like Taylor's alleged willingness to recant, this portion of Suggs' *Jones* claim is untimely under rule 3.851. Rule 3.851's time-limit exception applies to newly discovered "facts on which the claim is predicated." [9] Fla. R. Crim. P. 3.851(d)(2)(A). And there is an "important distinction between the facts on which . . . claims are predicated and the evidence used to prove those facts." *Sliney v. State*, 362 So. 3d 186, 188-89 (Fla. 2023). The basis—or

---

Taylor's alleged recantations. *Suggs II*, 923 So. 2d at 426-28; *see Bogle*, 322 So. 3d at 46 (appellant "cannot use a successive 3.851 motion to litigate issues that he could have raised in his initial postconviction motion").

9. "Predicate" means to "found or base something on." *Predicate, New Oxford American Dictionary* (2d ed. 2005).

predicate—of Suggs' claim is that his fellow inmates Taylor and Byars gave false testimony at his trial. Suggs has previously raised—and we have rejected—this claim. *See Suggs II*, 923 So. 2d at 426-27. Here, in this *Jones* claim, Suggs attempts to bolster his previous claim by offering Ozio's deposition as ancillary evidence that Suggs' fellow inmates lied. However, Suggs cannot overcome a procedural bar by simply alleging new support for old claims.

Suggs' claim regarding Ozio's deposition also fails on the merits. Suggs struggles to explain how Ozio's deposition would be relevant or admissible[10] at a new trial. *See Jones*, 709 So. 2d at 521. Even if the deposition were admissible, Suggs' argument that it shows Taylor and Byars testified falsely is speculative at best. Ozio's deposition testimony would not overcome the significant evidence against Suggs or probably produce an acquittal on retrial. *See id.* Thus, this claim also fails on the merits.

Finally, Suggs claims he has new evidence from Deputy Timothy Crenshaw indicating that Taylor and Byars lied at trial.

10. Section 90.608, Florida Statutes, sets forth certain types of admissible impeachment evidence. Suggs does not argue that Ozio's testimony falls within any of these categories.

But the evidence supporting this claim could have been discovered decades ago. Suggs has been aware that Crenshaw was a potentially relevant witness since 2003, when—during an evidentiary hearing—an inmate referenced Crenshaw's behavior as evidence that Taylor was an informant. If he had exercised due diligence and interviewed Crenshaw about his testimony at the hearing, Suggs could have obtained Crenshaw's information nearly twenty years earlier. *See Stein*, 406 So. 3d at 174-75. Suggs fails to justify the delay and, thus, fails to demonstrate why the one-year time limit does not preclude the relief he seeks. *See Mungin v. State*, 320 So. 3d 624, 626 (Fla. 2020) ("It is incumbent upon the defendant to establish the timeliness of a successive postconviction claim.").[11]

For these reasons, we affirm the circuit court's denial of Suggs' successive *Jones* claims.

---

11. Since Suggs should have been aware of Crenshaw's information since 2003, he should have raised this evidence in one of his prior postconviction challenges. *See Bogle*, 322 So. 3d at 46.

IV

We next consider Suggs' *Brady* claims. In his first claim, he argues the State suppressed Riebe's alleged confessions, because the State was aware of each declarant's information but did not turn the information over to Suggs. But as with his *Jones* claim, Suggs's *Brady* claim is time-barred under rule 3.851. Suggs fails to show that he exercised due diligence in learning that Riebe had allegedly confessed to three people. *See* Fla. R. Crim. P. 3.851(d)(2); *Stein*, 406 So. 3d at 175. Suggs also fails to show he could not have brought this claim earlier. Fla. R. Crim. P. 3.851(e)(2); *Bogle*, 322 So. 3d at 46. This claim is barred.

This claim also fails on the merits since Suggs does not establish that Riebe made these alleged confessions before trial or that the State was aware of them at the time of trial. Thus, he fails to show that *Brady* applies. *In re Bolin*, 811 F.3d 403, 408-09 (11th Cir. 2016) (*Brady* does not apply to confessions that occurred after trial).

Suggs' second *Brady* claim—which is based on Taylor's, Ozio's, and Crenshaw's information—is also barred under rule 3.851 for the same reasons discussed above. Suggs should have

been aware of the alleged false inmate testimony since 1996 and 2003, respectively, and Suggs could have raised this claim in one of his prior postconviction challenges. *See Hutchinson*, 50 Fla. L. Weekly at S73, 2025 WL 1198037, at *6 (barring a claim that could have been raised in an earlier motion). The circuit court properly denied both *Brady* claims.

V

Suggs' *Giglio* and *Massiah* claims are untimely under rule 3.851 for the reasons discussed above. Suggs has accused Taylor and Byars of lying at trial for decades. Moreover, these claims are also barred because Suggs raised them in his initial postconviction proceeding—and we upheld the circuit court's rejection of them— nearly twenty years ago. *Suggs II*, 923 So. 2d at 427-28; *cf. Reynolds v. State*, 373 So. 3d 1124, 1126 (Fla. 2023) (claims that have been previously raised and rejected are procedurally barred). Specifically, in his initial postconviction motion, Suggs argued that the State violated *Giglio* by presenting the false testimony of Taylor and Byars. *Suggs II*, 923 So. 2d at 426-27. Accordingly, we find Suggs' *Giglio* claim to be procedurally barred and affirm the circuit court's denial.

We have also previously considered and rejected Suggs' *Massiah* claim that the State used Taylor and Byars to obtain his confession in violation of his right to counsel under the Sixth Amendment to the United States Constitution. *Id.* at 427-28. Because Suggs is raising the same *Massiah* claim here, we affirm the circuit court's denial of this claim as procedurally barred. *See Reynolds*, 373 So. 3d at 1126.

## VI

Finally, Suggs asked the circuit court to grant him relief from our decision in his second successive postconviction appeal. *See Suggs III*, 238 So. 3d at 705. Suggs alleges that we violated his due process rights by considering evidence outside the record. Even though Suggs previously sought relief for this alleged due process violation via the proper vehicle—a motion for rehearing, *see Suggs v. State*, No. SC16-576, 2018 WL 1285546 (Fla. Mar. 13, 2018), he has resurrected this claim in circuit court.

In an argument that stretches the bounds of credulity, Suggs now asks us to find that the circuit court erred in determining that it lacked authority to grant relief from our prior decision. The circuit court is bound by decisions from this Court. *See State v.*

- 17 -

*Lott*, 286 So. 2d 565, 566 (Fla. 1973); *Reiter v. Gross*, 599 So. 2d 1275, 1275 (Fla. 1992); *State v. Dwyer*, 332 So. 2d 333, 335 (Fla. 1976). This claim is utterly meritless, and we affirm the circuit court's denial.[12]

## VII

For the foregoing reasons, we affirm the circuit court's summary denials of Suggs' third and fourth successive motions for postconviction relief.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, FRANCIS, and SASSO, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Walton County,
    Kelvin C. Wells, Judge
    Case No. 661990CF000338CFAXMX

Dawn B. Macready, Capital Collateral Regional Counsel, Northern Region, Tallahassee, Florida,

    for Appellant

---

12. This claim is also procedurally barred under rule 3.851(e)(2) because Suggs cannot raise a claim that was already rejected in a prior postconviction motion. *Reynolds*, 373 So. 3d at 1126.

James Uthmeier, Attorney General, and Janine D. Robinson, Assistant Attorney General, Tallahassee, Florida,

for Appellee